PER CURIAM.
In revoking Clark’s probation the trial court stated that were the allegations of the affidavit of violation of probation all *1077 that were involved, she would be inclined not to revoke probation, but then characterized the allegations as the “final straw that breaks the camel’s back.” Because facts not alleged in the affidavit were the sine qua non of Clark’s revocation, the revocation is reversed and remanded with instructions to restore Clark to probation. See Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979); Hodges v. State, 370 So.2d 78 (Fla. 2d DCA 1979); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977); Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973).
Reversed and remanded with instructions.