CORRECTED OPINION
PER CURIAM.
The order revoking the defendant’s probation in Circuit Court Case No. 81-6774 must be corrected on remand to vacate the finding of violation of probation based on the commission of the offense of attempted robbery, which offense, although supported by proof, was neither alleged in the charging affidavit nor found to have been committed in the court’s oral pronouncement. As corrected, the order is affirmed.
In Circuit Court Case No. 82-7809, the fifteen-year term of imprisonment imposed on Count III for attempted robbery not involving the use of a firearm or deadly weapon must be vacated as being in excess of the maximum sentence allowed by law. Robbery without the use of a firearm or deadly weapon is a second-degree felony. § 812.13(2)(c), Fla.Stat. (1981). An attempt to commit a felony of the second degree is a third-degree felony, § 777.04(4)(c), Fla.Stat. (1981), punishable by a maximum of five years imprisonment. § 775.082(3)(d), Fla.Stat. (1981).[1]
The order revoking probation is affirmed. The cause is remanded for the correction of the order revoking probation and, in Circuit Court Case No. 82-7809, for resentencing.

. The State has suggested that upon remand the trial court should be free to impose this five-year sentence on Count III to run consecutively with the fifteen and twenty-five-year terms of imprisonment imposed on Counts I and II. But the trial court's original sentence on Count III was to run concurrently with Counts I and II, thus evincing an intent that a twenty-five year sentence would be the maximum for the three crimes. Unlike the situation in Wright v. State, 429 So.2d 836 (Fla. 3d DCA 1983), Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982), and Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982), where, because our vacation of excessive concurrent sentences effected a change in the trial court's sentencing goal, we permitted the imposition of a consecutive sentence upon remand to allow the original sentencing goal to be accomplished, a consecutive sentence here would exceed the evident original sentencing goal of the trial court and cannot be justified.