PER CURIAM.
The order revoking appellant’s probation is affirmed with modifications.
We affirm the trial court’s finding of competency on the authority of Fowler v. State, 255 So.2d 513 (Fla.1971); Brock v. State, 69 So.2d 344, 346 (Fla.1954); and Pressley v. State, 261 So.2d 522 (Fla. 3d DCA 1972).
The trial court erred by including in its order, as grounds for revocation of probation, the following: that the defendant committed the offense of kidnapping and that he failed to submit monthly reports for February 1981 through January 1982; Willis v. State, 446 So.2d 210 (Fla. 3d DCA 1984); Clark v. State, 442 So.2d 1076 (Fla. 3d DCA 1983); Mack v. State, 342 So.2d 562 (Fla. 2d DCA 1977) (cannot revoke probation based on facts not alleged on the affidavit of violation); that the defendant failed to make cost supervision payments; Pope v. State, 444 So.2d 1161 (Fla. 3d DCA 1984) and cases cited therein (cannot revoke probation without a demonstration and finding of financial ability to pay); that the defendant changed his residence without the consent of his probation supervisor and failed to work diligently at a lawful occupation; Delgado v. State, 423 So.2d 603 (Fla. 3d DCA 1982) (the grounds for revocation must be supported by the evidence). These grounds are stricken from the order.
Since the remaining grounds for revocation are substantial, including the commission of new substantive offenses, the order of revocation is affirmed as modified. See Aaron v. State, 400 So.2d 1033, 1035 (Fla. 3d DCA), review denied, 408 So.2d 1095 (Fla.1981) and cases cited therein.