460 So.2d 385 (1984)
John P. MOSER, Petitioner,
v.
Honorable Ted P. COLEMAN, Circuit Judge, in and for Orange County, Respondent.
No. 84-957.
District Court of Appeal of Florida, Fifth District.
November 1, 1984.
Kirk N. Kirkconnell, of Muller, Kirkconnell & Lindsey, P.A., Winter Park, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for respondent.
DAUKSCH, Judge.
This is before us on a petition for writ of prohibition. It is alleged the trial judge is prejudiced and thus must be disqualified from proceeding further in the case. We deny the writ.
The petitioner was inaccurately charged with a violation of probation by "a sloppy pleading by the probation officer," so said the judge. After a hearing the judge dismissed the warrant but found "The evidence is clear, in my opinion, that the Defendant committed the subsequent offense, that is, a trespass after warning, but he wasn't charged with that, which would clearly be a violation of probation." The judge went on to say "Not only am I not taking it lightly, but I am going to take a hard look at whether jeopardy attaches, *386 and if I determine that jeopardy doesn't attach, I am going to order the probation department to file an affidavit charging him properly."
Neither the pleadings nor the facts warrant the disqualification of the judge. The fact that he has heard at least some of the evidence and has an attitude regarding the guilt of the accused does not, ipso facto, disqualify him from hearing the matter. Every time a judge signs a warrant, for probation violation or otherwise, he makes a judgment on the minimal merits of the case but that does not disqualify him from hearing the matter. Trial judges who sign or order the petition for warrants are not disqualified from hearing the case further on the basis that they must have already made up their minds.
Many times this court sends cases back for a new trial, either by judge or jury. That does not mean the reversed judge must recuse himself because he has already determined the matter. This would be especially true in the very sensitive circumstances regarding the allocation of assets, provision of support and award of custody and residency in marriage dissolution cases. There is nothing in this record, as minimal as it is, to indicate any bias, prejudice or ill-will on the part of the judge. The trial judge is merely exercising his control over his probationer.
The writ is denied and this cause remanded for a full hearing on the matter. Upon remand the matter should be considered de novo with a proper charge and a full evidentiary hearing.
Writ denied.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., dissents with opinion.
SHARP, Judge, dissenting.
A clearer case than this one for disqualifying a trial judge for having prejudged a defendant's guilt could not be presented to an appellate court. I would grant the writ of prohibition.
The trial judge heard and presided over a probation violation hearing involving Moser. At its conclusion he dismissed the charge for lack of proof, but stated that, in his opinion, Moser could be found to have violated his probation because he committed trespass after warning. He also said he would order the probation department to file an affidavit charging Moser with violation of probation-based on trespass after warning. At that hearing the judge said when the trespass matter was filed he would allow the defense to make "legal arguments" only.
Due process demands that there should be a full evidentiary hearing on the trespass charge. Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Clark v. State, 442 So.2d 1076 (Fla. 3rd DCA 1983); Crum v. State, 286 So.2d 268 (Fla. 4th DCA 1973). Further, since the record demonstrates this trial judge has already decided this case based on evidence heard in the prior case, I think he should recuse himself. Irwin v. Marko, 417 So.2d 1108 (Fla. 4th DCA 1982).