600 So.2d 7 (1992)
Harry H. HUDSON, Appellant,
v.
Gloria P. HUDSON, Appellee.
No. 91-1259.
District Court of Appeal of Florida, Fourth District.
April 29, 1992.
As Modified on Motion for Rehearing July 8, 1992.
*8 Steven J. Gutter of Kahn & Gutter, Fort Lauderdale, for appellant.
Gloria P. Hudson, Plantation, pro se appellant.
PER CURIAM.
The appellant husband has perfected this appeal from a final judgment of dissolution and from an order denying his motion to vacate said judgment.
It appears that, during the progress of the dissolution proceeding below, the trial court set the case for trial commencing April 1, 1991. In the interim, an order scheduling mediation was entered and a mediation hearing was set for March 27, 1991. At said hearing the parties arrived at what appeared to be an oral agreement settling the issues involved, but no written mediation settlement agreement was signed. Shortly thereafter, the husband apparently had second thoughts about the proposed settlement, and the parties never reduced the alleged oral agreement to writing. The trial date of April 1, 1991, came and the wife and her counsel showed up for trial but neither the husband nor his counsel appeared. The trial judge commenced the final hearing and heard the testimony of the wife and a residence witness.
The transcript of that hearing reflects that the wife apprised the court of the mediation proceeding, the negotiations toward settlement, and the proposed oral agreement. She even produced her written, unsigned version of what the parties had agreed to. Apparently to corroborate that, she had the mediator sign the back of her written version as a sort of certification that this was what the parties had agreed to at said hearing. In addition to these revelations of the "mediation agreements," the court took testimony from the wife relative to the marital property and other pertinent evidence generally submitted to arrive at a distribution of the marital estate and support needs of the parties. A final judgment was entered and in due course the husband obtained a copy. A motion to vacate the judgment was filed and a hearing held thereon, at which the trial court indicated that she did not hear a motion to enforce the oral mediation agreement, but that she tried the case on the merits and entered judgment thereon. The motion to vacate was denied.
Section 44.102(3), Florida Statutes (Supp. 1990), the statutory court-ordered mediation provision, provides in pertinent part:
(3) Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding. Notwithstanding the provisions of s. 119.14, all oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.
The transcript of the dissolution trial leaves little doubt that the trial court was fully apprised of the mediation proceeding and exactly what the wife perceived to have been agreed upon between the parties, albeit there was no written executed agreement. It appears to us that the injection of the so-called agreement prepared by the wife and "certified" by the mediator, *9 and the various testimonial representations of what transpired at said hearing vis-a-vis agreements between the parties, into the trial before the court violates the spirit and letter of the mediation statute. The confidentiality of the negotiations should remain inviolate until a written agreement is executed by the parties.
Therefore, we hold that the well was poisoned by the admission of the foregoing evidence of the "agreement" and so infected the judgment reached that it should be vacated and the matter tried anew.
Accordingly, except for the provision dissolving the marriage of the parties, the final judgment is reversed and the cause is remanded for a new trial on the remaining issues.
DOWNEY and WARNER, JJ., and OWEN, WILLIAM C., JR., Senior Judge, concur.