604 So.2d 533 (1992)
Geraldine L. FABBER, Petitioner,
v.
Judge John D. WESSEL, Respondent.
No. 92-0787.
District Court of Appeal of Florida, Fourth District.
August 5, 1992.
Motion for Rehearing, Rehearing or Certification of Questions Denied October 5, 1992.
Christopher Q. Wintter of Wintter & Cummings, Hollywood, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Douglas J. Glaid, Asst. Atty. Gen., West Palm Beach, for respondent.
Keith F. Backer of Becker & Poliakoff, P.A., West Palm Beach, for plaintiff Mayfair of Boca Raton Condominium Ass'n Inc.
Motion for Rehearing, Rehearing En Banc or Certification of Questions Denied October 5, 1992.
FARMER, Judge.
In her petition for a writ of prohibition, petitioner has established that she and her adversary below participated in court-ordered mediation. Later, the adversary brought a motion to compel compliance with a settlement agreement allegedly reached during the mediation and furnished the court with the specific terms of the asserted agreement. The trial judge denied enforcement upon a finding that no agreement had been reached. Petitioner later moved to disqualify the judge on the basis that privileged mediation communications had been disclosed to the judge by virtue of the motion to compel compliance and that she could no longer receive a fair trial from the judge as a result of the disclosure. The judge denied disqualification.
Section 44.102(3), Florida Statutes (1991), contains the following:
Notwithstanding the provisions of s. 119.14, all oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.
Petitioner argues that the alleged terms of the putative agreement constitute "communications *534 in a mediation proceeding", that the motion to compel compliance was a "subsequent legal proceeding", and that she did not enter into any agreement or agree to any disclosure. She cites to no particular prejudice, apart from the disclosure itself, but argues essentially that the mere act of disclosure or violation of section 44.102(3) establishes an unavoidable presumption of contamination of the neutrality of the judge who heard or read the disclosure and, hence, that disqualification is required as a matter of law.
Our very recent decision in Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992), supports her contention. The essential facts in Hudson are not measurably different from those here, but it was an appeal from a final judgment entered after a judge had previously refused to enforce an alleged settlement agreement from an earlier mediation. Concluding that the "confidentiality of the negotiations should remain inviolate until a written agreement is executed by the parties," we held that the "well was poisoned" by the simple fact of the disclosure of the unexecuted agreement and that the poison infected the ultimate judgment. Id. We are unable to distinguish Hudson on any principled basis.
Even if we could do so, we would still be forced to grant prohibition for an equally compelling reason. One of petitioner's grounds for disqualification of this trial judge was an assertion that he had demonstrated his partiality by assisting her adversary in a contested hearing. In the response filed in this court, the judge takes exception with the accuracy of petitioner's factual account on this issue.[1]
We think this response has the effect of creating "an intolerable adversary atmosphere between the trial judge and the litigant." Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978); see also MacKenzie v. Super Kids Bargain Store Inc., 565 So.2d 1332, 1339 (Fla. 1990). On that ground alone, we are obliged to grant the writ.
Although we do not hold that any response filed by a judge in a prohibition-disqualification proceeding is per se disqualifying, it is decidedly dangerous for the judge to do so. Admittedly, our usual order to show cause in such a proceeding directs the respondent to file a response, and the judge is usually the only named respondent.[2] It is much the better practice however, for the judge to remain silent and let the adversarial party supply the response. The judge has no personal interest in presiding over any particular case, and the petitioner's adversary in the lower court can usually be counted on to show why disqualification is not necessary.
PROHIBITION GRANTED.
LETTS and GUNTHER, JJ., concur.
NOTES
[1] The fact that the response was prepared and signed by a member of the attorney general's staff does not make it any less a response by the judge himself, for it has been submitted expressly in his name.
[2] Frankly, we question the wisdom of the rule that the judge is the only proper respondent in a petition for a writ of prohibition, especially where disqualification is sought. See, e.g., Anderson Inv. Co. v. Lynch, 540 So.2d 832 (Fla. 4th DCA 1988). There is nothing in rule 1.432, Fla.R.Civ.P., rule 9.100, Fla.R.App.P., or section 38.10, Fla. Stat. (1991), so requiring. If the supreme court's holding that trial judges are limited to a determination of facial sufficiency only and may not go beyond that to refute charges of partiality, Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978), is applied literally, the mere act of responding to a petition for prohibition after denying disqualification could reasonably be seen as going beyond a mere determination of legal sufficiency and thus be self-disqualifying.