609 So.2d 785 (1992)
Victor COHEN, Appellant,
v.
Harriet COHEN, Appellee.
No. 92-1037.
District Court of Appeal of Florida, Fourth District.
December 30, 1992.
Joel M. Weissman of Joel M. Weissman, P.A., West Palm Beach, for appellant.
Teri L. DiGiulian and Bruno L. DiGiulian of Bruno L. DiGiulian & Associates, P.A., Fort Lauderdale, for appellee.
STONE, Judge.
We reverse a dissolution of marriage judgment enforcing an oral settlement agreement reached by the parties in the course of court ordered mediation. The *786 wife's petition to enforce the disputed oral agreement was granted prior to the final hearing. An oral agreement reached during mediation is inadmissable as privileged unless it has been reduced to writing. Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992); § 44.102(3), Fla. Stat. (1991).
We recognize that the appellant's sole objection[1] during the trial may well have been, as argued by the appellee, insufficient to advise the trial court that the appellant was seeking a ruling excluding, as privileged, any and all evidence concerning the alleged oral settlement. However, we note that in Hudson, neither the appellant nor his counsel had even appeared for the trial in which the evidence of an oral settlement reached in mediation was erroneously admitted. Nevertheless, in that appeal, this court stated that the introduction of evidence concerning the mediation settlement "violates the spirit and letter of the mediation statute. The confidentiality of the negotiations should remain inviolate until a written agreement is executed by the parties." Hudson, 600 So.2d at 9. The court added that "the well was poisoned" by admitting such evidence and that it "so infected the judgment reached" that the judgment must be vacated and a new trial granted. Id.
Therefore, the final judgment is reversed, except for the provision dissolving the marriage of the parties. The cause remanded for a new trial. See Hudson, 600 So.2d at 9.
WARNER, J., and ROSS, DALE, Associate Judge, concur.
NOTES
[1] The appellant objected to calling the mediator as a witness because "everything that took place was during mediation."