633 So.2d 540 (1994)
Neil G. PAULSON, Sr., Petitioner,
v.
Hon. Kerry I. EVANDER, Circuit Court Judge, etc., Respondent.
No. 94-244.
District Court of Appeal of Florida, Fifth District.
March 11, 1994.
Neil G. Paulson, Sr., in pro. per.
No appearance for respondent.
PETERSON, Judge.
Neil G. Paulson, Sr., petitions for a writ of prohibition precluding exercise of jurisdiction by the Honorable Kerry Evander, Circuit Judge of the 18th Judicial Circuit, over proceedings to change the custody of a minor child. Paulson requested that Judge Evander disqualify himself and alleged that the judge had provided legal counsel and advice to Paulson's pro se former wife. Specifically, Paulson alleged that during a hearing on Paulson's motion to dismiss his former wife's counter-petition, the judge on his own amended and redrafted pleadings for the former wife. The order entered on the motion to dismiss supports Paulson's allegations.
It should be noted at the outset that both of the parties are acting pro se, but that *541 the former husband has an advantage in that he is a lawyer while the former wife is not. Still, a court must maintain its obligation to uphold the independence and impartiality of the judiciary. Fla.Code Jud.Conduct, Canon 1 and 2 A. A court can be tempted to make suggestions to pro se litigants in order to move cases along in compliance with the time standards imposed upon them by the Florida Rules of Judicial Administration. However, our system of justice precludes participation by the court and imposes upon it the duty of ruling on those matters brought before it without participating in the redrafting of pleadings to state a cause of action. We reject, however, any attempt by Paulson to suggest that a court cannot explain the basis for a ruling whether or not this may indirectly assist a litigant when preparing an amended pleading.
In Leigh v. Smith, 503 So.2d 989 (Fla. 5th DCA 1987), this court ruled that a signal from a judge which is designed to alert a party to make a motion or raise an objection is sufficient, by itself, to warrant disqualification. The amendment of pleadings on the court's own motion to withstand an opponent's motion to dismiss is similarly sufficient.
As in Leigh v. Smith, the petition for writ of prohibition in this case is facially sufficient to require this court to order the respondent to show cause why the writ should not issue. On February 14, 1994 this court issued the order to show cause in accordance with Rule 9.100(f), Florida Rules of Appellate Procedure. No response has been filed, thus cause has not been shown why the writ should not issue. The respondent is prohibited from further acting in the case below.
WRIT ISSUED.
HARRIS, C.J., and THOMPSON, J., concur.