678 So.2d 825 (1996)
Jeannie ELLIS and Clive Ellis, her husband, and Reuben Ellis, her minor child, by and through his parents and natural guardians, Jeannie Ellis and Clive Ellis, Petitioners,
v.
The Honorable Patti Englander HENNING, Circuit Court Judge of the Seventeenth Judicial Circuit in and for Broward County, Florida, Respondent.
Nos. 95-3867, 95-3868, 95-3870, 95-3872, 95-3876, 95-3878, 95-3880, 95-3881 and 95-3882.
District Court of Appeal of Florida, Fourth District.
June 5, 1996.
Order Denying Rehearing and Granting Clarification August 28, 1996.
*826 Sheldon J. Schlesinger of Sheldon J. Schlesinger, P.A., Fort Lauderdale, for petitioners.
Robert A. Butterworth, Attorney General, Tallahassee, and Charles M. Fahlbusch, Assistant Attorney General, Hollywood, for respondent.
Carmen Y. Cartaya of McIntosh, Sawran & Craven, P.A., Fort Lauderdale, for Defendant-The Gertrude and Philip Strax Breast Cancer Detection Institute and Hinda Klein of Conroy, Simberg & Lewis, P.A., Hollywood, for Defendants-Planned Parenthood of South Palm Beach & Broward Counties, Nancy Benham and Samuel Kaufman in Ellis v. Planned Parenthood.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hara, McCoy, Graham, Lane & Ford, P.A., Fort Lauderdale, for Defendants-Martin Jacobs, M.D., and Martin Jacobs, M.D., P.A. and Gary S. Genovese and Vanessa A. Reynolds of Conrad, Scherer & Jenne, Fort Lauderdale, for Defendant-North Broward Hospital District in Meilene Cook, et al. v. Sanchez, et al.
John R. Hargrove and Paula Revene of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for Defendant-Douglas J. Love in Luz Maria Garcia Rennes and Rafael Rennes v. Douglas Love.
David B. Pakula of Kubicki Draper, Miami, for Defendant-International Bowling Management Corp. in Kevin Sherfield, et al. v. International Bowling Management.
David F. Cooney of Cooney, Haliczer, Mattson, Lance, Blackburn, Pettis & Richards, P.A., Fort Lauderdale, for Defendant-North Broward Hospital District in Justin Bates, et al. v. North Broward Hospital District.
Patrick B. Flanagan of Flanagan & Maniotis, P.A., West Palm Beach, for Defendant-Tri-R Landscape and Maintenance, Inc. and Bohdan Neswiacheny and Mark G. Essey of Law Office of Bohdan Neswiacheny, Fort Lauderdale, for Defendant-Sea Ranch Club Condominium Association, Inc. in Michael Murphy v. Sea Ranch Lakes Club Condominium *827 and Tri-R Landscape Maintenance.
Philip D. Parrish and Carol-Lee Green of Stephens, Lynn, Klein, McNicholas, P.A., West Palm Beach, for Defendants-Zafran, M.D. and Kraemer, M.D., P.A. in Sherman v. Cohen, et al.
Order Denying Rehearing En Banc and Granting Clarification August 28, 1996.
PARIENTE, Judge.
We sua sponte consolidate these nine cases involving the identical issue of whether the trial judge should be disqualified from presiding over petitioners' (plaintiffs) civil lawsuits. Although the subject matter of the civil cases is unrelated, the common thread is the representation of all plaintiffs by the law firm of Sheldon J. Schlesinger, P.A. Plaintiffs seek disqualification based on alleged animosity between the trial judge and the law firm as evidenced by the trial judge's actions in a series of proceedings culminating with her conduct during a September 21, 1995 calendar call in the Ellis case.
Supporting affidavits allege that the trial judge treated plaintiffs' counsel with "disdain and obvious animosity" and addressed counsel in a "hostile, angry manner and in a tone, expression, and body language that evinced anger, hostility, and personal contempt." The affidavits further allege that the trial judge accused the law firm of "playing word games," and of "making misrepresentations `every time you come in here,' and ... trying to `turn this Court inside out.' "According to the response filed by defendant Strax, whose counsel was present at the untranscribed calendar call, plaintiffs' allegations are a mischaracterization of the trial judge's comments taken out of context. Defendant Strax maintains that the comments were incident to the trial judge's concerns over the failure of plaintiffs' counsel to comply with discovery and her finding of willful violation of a court order.
Without a transcript or sworn factual allegations concerning the context in which the trial judge's alleged comments arose, we do not find that the allegations in plaintiffs' motions to disqualify set forth a legally sufficient ground for recusal. See Fischer v. Knuck, 497 So.2d 240 (Fla.1986). A trial judge's expression of dissatisfaction with counsel or a client's behavior alone does not give rise to a reasonable belief that the trial judge is biased and the client cannot receive a fair trial. See, e.g., Oates v. State, 619 So.2d 23 (Fla. 4th DCA), review denied, 629 So.2d 134 (Fla.1993); Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990). We also do not regard the trial judge's statements made in connection with the motions to disqualify to constitute an improper attempt to dispute the truth of the facts alleged. See Barwick v. State, 660 So.2d 685 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 823, 133 L.Ed.2d 766 (1996); Nassetta.
Unfortunately, we are compelled to grant the writ of prohibition because the responses, filed on behalf of the trial judge by an assistant attorney general in each of the consolidated cases, impermissibly took issue with the accuracy of plaintiffs' allegations. See Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992), review denied, 617 So.2d 322 (Fla.1993); Gieseke v. Moriarty, 471 So.2d 80 (Fla. 4th DCA 1985). While the responses do not directly controvert the allegations, they do so indirectly by embracing the factual allegations contained in Strax's response. The responses unmistakably convey the impression that plaintiffs' allegations are an incorrect and incomplete account of the factual circumstance. By these responses, the trial judge assumed the posture of an adversary.
We caution once again, as we did in Fabber, that while filing a response in a prohibition proceeding is not per se grounds for recusal, "it is decidedly dangerous for the judge to do so." Fabber, 604 So.2d at 534. We can appreciate the frustration of a trial judge who may be wrongfully accused of improper conduct in an untranscribed hearing where her words are taken out of context. See Rogers v. State, 630 So.2d 513, 516 (Fla.1993).
We likewise recognize that the trial judge may have merely referred this case to the attorney general's office for a response as judges frequently do. It is thus also the responsibility of the office of the attorney general as the judge's representative not to file a response on the judge's behalf, which, *828 as in this case, requires the judge's disqualification. In a prohibition proceeding before this court, we reiterate that it is the safer practice "for the judge to remain silent and let the adversarial party supply the response." Fabber, 604 So.2d at 534.
PROHIBITION GRANTED.
WARNER and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING
PER CURIAM.
Respondent Henning has moved for rehearing, rehearing en banc and clarification in which defendants joined. We deny rehearing and rehearing en banc, but grant respondent's motion for clarification solely to address the concern expressed by respondent that a failure to respond could result in the issuance of a writ of prohibition if a respondent judge follows our advice and remains silent. This concern arises only in those cases where the adversarial partyfor whatever reasonalso does not respond.
In Daugherty v. McNeal, 643 So.2d 665 (Fla. 5th DCA 1994), and Paulson v. Evander, 633 So.2d 540 (Fla. 5th DCA 1994), the fifth district issued the writs after no response to the court's order to show cause had been filed. In practical terms, there may be those times that both parties desire that another judge hear the case or where an adversarial party simply fails to respond.
In cautioning the assistant attorney general about the dangers of filing a response, our concern was that a response, which contests the accuracy of the facts alleged by a petitioner, impermissibly places the trial judge in an adversarial posture. This is what led to our decision in Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992), review denied, 617 So.2d 322 (Fla.1993), and what has led to our decision here.
On the other hand, nothing prevents the assistant attorney general, on behalf of the trial judge, from limiting a response to the legal sufficiency of the facts set forth by the petitioner. The respondent simply must avoid the temptation to dispute the facts if a response is filed. In the overwhelming majority of the cases, the office of the attorney general has struck the necessary balance.
WARNER, PARIENTE and STEVENSON, JJ., concur.