COBB, J.
Enterprise Leasing Company has petitioned for a writ of prohibition disqualifying the trial judge, George W. Maxwell, III, from presiding in the instant case because the latter was exposed to settlement negotiations occurring in the context of a mediation proceeding between Enterprise and the opposing party plaintiffs below.[1] This occurred when counsel for the plaintiffs revealed the defendant’s settlement offer to Judge Maxwell by including it in the plaintiffs’ pre-trial compliance statement.
The petitioner relies on the Fourth District opinion in Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992), rev. denied, 617 So.2d 322 (Fla.1993). There, it was held that the mere act of disclosure of such confidential negotiations, even in the absence of any particularized prejudice apart from the disclosure itself, “establishes an unavoidable presumption of contamination of the neutrality of the judge who heard or read the disclosure and, hence, disqualification is required as a matter of law.” Fabber at 534.
The respondents, on the other hand, rely on the express language of section 38.10, *115 Florida Statutes (1991) as requiring the supporting affidavit for disqualification to specifically state facts showing a basis for the belief that bias or prejudice exists on the part of the trial judge. That bias or prejudice, say the respondents, must be actual rather than presumptive. See, e.g., Jackson v. State, 599 So.2d 103, 107 (Fla.1992), cert. denied, 506 U.S. 1004, 113 S.Ct. 612, 121 L.Ed.2d 546 (1992); Davis v. Bat Management Foundation, Inc., 723 So.2d 349, 350 (Fla. 5th DCA 1998); Levine v. State, 650 So.2d 666, 667 (Fla. 4th DCA 1995). In the instant case Enterprise does not allege any specific action or statements by the trial judge at all. Instead, Enterprise advocates that a trial court’s mere knowledge of settlement overtures requires automatic disqualification.
We agree with the respondents that the motion for disqualification herein was insufficient as a matter of law. As the respondents observe, settlements are the favored method of resolution. Robbie v. City of Miami, 469 So.2d 1384 (Fla.1985). Mere knowledge by the trial court of settlement offers, standing alone, should not place a reasonable person in fear of not receiving a fair trial. As set forth in the response:
Trial courts are frequently called upon to enforce and set aside settlements, thereby requiring disclosure of their terms. Recusal is unauthorized in those instances where settlements are litigated but, for whatever the reason, do not end the litigation in turn necessitating further judicial involvement. See e.g. Harris v. P.S. Mortgage and Investment Corp., 558 So.2d 430 (Fla. 3d DCA 1990)(trial judge’s prior ex parte order erroneously approving settlement did not entitle aggrieved party to disqualification of judge); Hudson [v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992)] (introduction of mediation settlement required new trial, not disqualification).
Taken to its logical extreme, Enterprise’s construction] would require disqualification every time a trial judge is called upon to make in limine rulings concerning a plaintiffs prior settlement with a co-defendant or non-party, a litigant’s DUI or other criminal history, or his or her personal habits, religious beliefs or sexual preferences. None of those prejudicial facts will generally be admissible in a civil jury trial, but a trial judge must necessarily become apprised of them in the course of a proceeding. That mere apprisal should not support recusal, else the statutory disqualification exception swallows the common law rule. Cf., Moser v. Coleman, 460 So.2d 385, 396[386] (Fla. 5th DCA 1984)(fact that judge had heard some of the evidence and had expressed an attitude regarding the guilt of probationer at preliminary warrant hearing held not a ground for disqualification: “Many times this court sends cases back for a new trial, either by judge or jury. That does not mean the reversed judge must recuse himself because he has already determined the matter. This would be especially true in the very sensitive circumstances regarding the allocation of assets, provision of support and award of custody and residency in marriage dissolution cases. There is nothing in this record, as minimal as it is, to indicate any bias, prejudice or ill-will on the part of the judge.”), rev. den., 467 So.2d 1000 (Fla.1985); Jackson v. State, 599 So.2d 103 (Fla.1992)(trial judge not disqualified from presiding over defendant’s fifth murder trial notwithstanding judge’s entry of two prior convictions since reversed).
Accordingly, we deny the instant petition for prohibition. We certify conflict with Fabber.
PETITION DENIED.
ANTOON, C.J. concurs.
GRIFFIN, J., concurs specially, with opinion.

. See section 44.102(3), Florida Statutes (1999), which provides in pertinent part:
Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding. All oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of Chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.