GRIFFIN, J.,
concurring specially.
I agree with the conclusion of the majority that mere disclosure of settlement negotiations in violation of the mediation statute and rules is not sufficient to support disqualification, at least for civil jury cases like this one. In a non-jury case, the considerations are different because the judge is the fact-finder. See Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992). It is not clear from the opinion whether Fabber was jury or non-jury.
There should be a remedy for this (apparently) blatant breach of confidentiality, however. Whether disclosure was wilful or negligent, the disclosing attorney should be disciplined. See Florida Standards for Imposing Lawyer Sanctions 4.2, 6.22, 7.0. If there is no lawyer discipline for such conduct, it will recur.