789 So.2d 964 (2001)
ENTERPRISE LEASING COMPANY, Petitioner,
v.
Josiah Nathaniel Douglas JONES, et al., Respondents.
No. SC00-219.
Supreme Court of Florida.
July 5, 2001.
Kenneth L. Bednar of Arnstein & Lehr, West Palm Beach, FL, for Petitioner.
Todd R. Schwartz of Ginsberg & Schwartz, and Nance, Cacciatore and Hamilton, Miami, FL, for Respondent.
*965 QUINCE, J.
We have for review the decision in Enterprise Leasing Co. v. Jones, 750 So.2d 114 (Fla. 5th DCA 1999), which certified conflict with Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992), on the issue of whether the disclosure of confidential mediation information to the trial judge is in and of itself sufficient to disqualify the trial judge. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons set forth below, we approve the decision in Enterprise Leasing, which held a judge is not automatically disqualified from presiding because of knowledge of confidential mediation information, and disapprove the Fourth District's decision in Fabber to the extent that it is inconsistent with this opinion.
This case arises out of a personal injury action brought by Josiah and Shevon Jones (hereinafter Jones) against Enterprise Leasing Company (Enterprise). The parties attended mediation and reached an impasse. Litigation continued, and by order of the trial court, the parties were required to file a pretrial statement on a preprinted form provided by the court. The court inquired, among other things, whether the parties had attended mediation. In response, Jones not only answered that they had, but also provided information about the demand for settlement and the highest offer made by Enterprise-communications that were made during mediation. Disclosing this information was in violation of section 44.102(3), Florida Statutes (2000)[1], which makes all oral and written communications made during mediation confidential and inadmissible as evidence at trial unless the parties agree otherwise.
Enterprise filed a motion to disqualify the trial judge, arguing the mere disclosure of this information warranted disqualification, citing Fabber v. Wessel, 604 So.2d 533 (Fla. 4th DCA 1992). The trial court denied Enterprise's motion, finding it insufficient as a matter of law. Enterprise then petitioned the Fifth District Court of Appeal for a writ of prohibition to prevent the trial judge from presiding over the trial; again Enterprise relied on Fabber. The Fifth District denied the writ because Enterprise did not set forth facts specifically showing a basis for the belief that bias or prejudice existed as required by Florida Rule of Judicial Administration 2.160. The Fifth District also certified conflict with Fabber.
Because no stay was entered, the litigation continued and the matter was tried in August 2000. During jury deliberations, the parties reached a settlement of the underlying personal injury case, which was ultimately dismissed with prejudice. Thereafter, Enterprise filed with this Court a notice of mootness, request for instruction, and request for expedited determination, which was essentially a motion for voluntary dismissal. Although the issue presented in this appeal may be moot as it relates to these parties, the mootness doctrine does not destroy our jurisdiction when the question before us is of great public importance or is likely to recur. See Gregory v. Rice, 727 So.2d 251, 252 n. 1 (Fla.1999) (citing Dugger v. Grant, 610 *966 So.2d 428, 429, n. 1 (Fla.1992)). Because the issue in this case is likely to recur, we exercise our discretion to retain jurisdiction.
Section 38.10, Florida Statutes (1999), gives litigants the substantive right to seek disqualification of a judge. Florida Rule of Judicial Administration 2.160 sets forth the procedure to be followed when seeking disqualification. Section 38.10 provides, in pertinent part:
Whenever a party to any action or proceeding makes and files an affidavit stating fear that he or she will not receive a fair trial in the court where the suit is pending on account of the prejudice of the judge of that court against the applicant or in favor of the adverse party, the judge shall proceed no further, but another judge shall be designated in the manner prescribed by the laws of this state for the substitution of judges for the trial of causes in which the presiding judge is disqualified. Every such affidavit shall state the facts and the reasons for the belief that any such bias or prejudice exists and shall be accompanied by a certificate of counsel of record that such affidavit and application are made in good faith.
Rule 2.160 provides, in pertinent part:
(d) Grounds. A motion to disqualify shall show:
(1) that the party fears that he or she will not receive a fair trial or hearing because of specifically described prejudice or bias of the judge; or
(2) that the judge before whom the case is pending, or some person related to said judge by consanguinity or affinity within the third degree, is a party thereto or is interested in the result thereof, or that said judge is related to an attorney or counselor of record in the cause by consanguinity or affinity within the third degree, or that said judge is a material witness for or against one of the parties to the cause.
. . . .
(f) DeterminationsInitial Motion. The judge against whom an initial motion to disqualify under subdivision (d)(1) is directed shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged. If the motion is legally sufficient, the judge shall immediately enter an order granting disqualification and proceed no further in the action. If any motion is legally insufficient, an order denying the motion shall immediately be entered. No other reason for denial shall be stated, and an order of denial shall not take issue with the motion.
Both the trial court and the Fifth District found Enterprise's motion to disqualify failed to allege a specifically described prejudice or bias on the part of the trial judge and was therefore legally insufficient. Enterprise argues, however, that the mere act of receiving confidential mediation communications alone requires that a motion to disqualify be granted. Enterprise further argues that knowledge of the disclosed information sufficiently demonstrates prejudice or bias so that specific allegations are not necessary. In support of these arguments, Enterprise relies on Fabber and other cases that discuss and emphasize the importance of trying to reach a settlement and the importance of the confidential nature of settlement discussions.
In Fabber, the petitioner moved to disqualify a judge "on the basis that privileged mediation communications had been disclosed to the judge by virtue of the motion to compel compliance and that she could no longer receive a fair trial from the judge as a result of the disclosure." Fabber, 604 So.2d at 533. The petitioner *967 further argued that "section 44.102(3) establishes an unavoidable presumption of contamination of the neutrality of the judge who heard or read the disclosure and, hence, that disqualification is required as a matter of law." Id. at 534. The trial court denied the petitioner's motion to disqualify, but the Fourth District reversed and held that even though petitioner cited no particular prejudice aside from the disclosure of mediation communications, disqualification was required because the simple fact of disclosure poisoned the proceedings and affected the final judgment.[2]See also Hudson v. Hudson, 600 So.2d 7 (Fla. 4th DCA 1992).
Section 44.102(3) does in fact give each party to the mediation the privilege to refuse to disclose and to prevent others present at the mediation conference from disclosing communications made during the course of the mediation proceeding. However, this privilege does not give rise to a per se rule requiring reversal if violated. This privilege does not differ substantially from other privileges which are recognized in law, e.g., the husband-wife privilege and the attorney-client privilege. The courts of this State have on occasion addressed the consequences involved when the confidentiality inherent in these other privileges has been violated. For example, in Tallahassee Memorial Regional Medical Center v. Meeks, 560 So.2d 778 (Fla. 1990), this Court was asked to determine whether an incident report, which was privileged under section 395.041(4), Florida Statutes (1985)[3], could be used for impeachment. While this Court indicated that the report was privileged and that it was error to refer to it for any purpose, its admission was not deemed to be reversible error because the petitioner did not demonstrate that its admission was prejudicial. See also Brevard Community College v. Barber, 488 So.2d 93 (Fla. 1st DCA 1986) (finding harmless error in production of documents which violated the attorney-client privilege). Similarly, in Koon v. State, 463 So.2d 201 (Fla.1985), when ruling on the admission of evidence that was covered by the husband-wife privilege, this Court did not make a per se pronouncement of reversible error but reversed based on the fact that privileged information was not harmless when viewed with the other evidence in the record. Accord Donaldson v. State, 369 So.2d 691 (Fla. 1st DCA 1979) (admission of confidential husband-wife communications not reversible unless absent admission of the evidence there would have been a different result at trial).
Although the statute and rules pertaining to the disqualification of judges require allegations of prejudice and bias to be made with specificity, the Fifth District read Fabber as creating an exception and requiring a judge's recusal anytime the judge becomes privy to confidential mediation information. While there is language in Fabber concerning "an unavoidable presumption of contamination," we read this assertion in Fabber as a statement of the petitioner's argument and not the court's holding. However, to the extent that Fabber can be and is read as creating a per se rule of recusal, we disapprove of such language. We recognize the important public policy concerns favoring confidential mediation proceedings and the role of confidentiality in settlement. This policy is neither furthered nor hindered by requiring a party *968 moving to disqualify a judge to adhere to the pleading requirements set forth in rule 2.160.
Judges are often privy to information that is confidential or inadmissible as evidence when they review motions in limine or perform in camera inspections of proprietary information. Therefore, we agree with the Fifth District that a presumption of bias threatens to disqualify a judge whenever he or she is required to make "in limine rulings concerning plaintiffs prior settlement with a co-defendant or nonparty, a litigant's DUI or other criminal history, or his or her personal habits, religious beliefs or sexual preferences." Enterprise Leasing, 750 So.2d at 115. We also agree that "mere apprisal should not support recusal, else the statutory disqualification exception swallows the common law rule." Id. See also Rivera v. State, 717 So.2d 477 (Fla.1998) (there is no presumption of prejudice where judge allegedly relied on nonrecord evidence in sentencing); Moser v. Coleman, 460 So.2d 385 (Fla. 5th DCA 1984) (a judge whose decision has been reversed often rehears a case and is not required to recuse himself even if he has already determined the matter).
Other states also follow the presumption disfavoring prejudice or bias on the part of the judge. See Pizzuto v. State, 134 Idaho 793, 10 P.3d 742 (2000) ("[E]ven where a trial judge is exposed to prejudicial information, judges are usually presumed to be `capable of disregarding that which should be disregarded' in our judicial system."); Hite v. Haase, 729 N.E.2d 170 (Ind.Ct. App.2000) ("A judge is presumed by law to be unbiased and unprejudiced. A mere allegation of bias without a specific factual showing in support is insufficient to require disqualification."); State v. Lake, 98 Wash.App. 1020, 1999 WL 1084307 (Wash. Ct.App.1999) (prejudice is not presumed, and the party claiming bias or prejudice must support the claim with evidence of the judge's actual or potential bias). We can see no compelling reason to treat a trial court's knowledge of inadmissible information in the mediation context any differently from the other situations presented every day where judges are asked to set aside their personal knowledge and rule based on the evidence presented by the parties at the trial or hearing.
This Court said in MacKenzie v. Super Kids Bargain Store, 565 So.2d 1332 (Fla.1990), that "the standard for determining whether a motion is legally sufficient is `whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair trial.'" Id. at 1335 (quoting Livingston v. State, 441 So.2d 1083, 1087 (Fla.1983)). In this case, Enterprise did not allege any specific facts to demonstrate a reasonable belief that it could not get a fair trial. The requirements for a properly pled motion to disqualify can coexist with the policy of confidentiality during mediation. We see no need to create an exception to the standard for properly bringing a motion to disqualify. We therefore disapprove of Fabber to the extent that Fabber can be read to create an exception to the requirements of bringing a motion to disqualify as set forth in rule 2.160, and we approve the Fifth District's decision below.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, and LEWIS, JJ., concur.
NOTES
[1] Section 44.102(3) reads as follows:

Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and to prevent any person present at the proceeding from disclosing, communications made during such proceeding. All oral or written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119 and shall be confidential and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.
[2] As an alternative basis for reversal, the Fourth District found that an adversarial atmosphere had been created by the trial judge's response to the motion for disqualification.
[3] The provisions of this subsection are now contained in section 395.0197(4), Florida Statutes (2000).