PER CURIAM.
In this workers’ compensation case, the employer and its third-party administrator (Petitioners) seek a writ of prohibition to quash the order denying their motion to disqualify the Judge of Compensation Claims (JCC). We grant the petition for the reasons that follow.
The motion to disqualify was based on a comment allegedly made by the JCC after a lengthy video teleconference (VTC) hearing that was inadvertently picked up by the VTC equipment and overheard by Petitioners’ attorney. Specifically, the motion alleged that “[fjollowing the dismissal of counsel and the party, the [JCC] turned in his chair, and spoke to an off camera staff member, saying ‘was I nice and sweet and patient to let the attorney talk on and on and on ad nauseam’?” The JCC summarily denied the motion as legally insufficient.
*784 We agree with the JCC that the motion was legally insufficient. The comment attributed to the JCC did not specifically single out Petitioners' attorney as the loquacious one, and even if it had, that would not establish an objectively reasonable basis for Petitioners to fear that the JCC was biased against them. See Letterese v. Brody, 985 So.2d 597, 599 (Fla. 4th DCA 2008) (finding motion to disqualify based on judge’s comment that he had heard the parties’ arguments “ad nause-um” to be legally insufficient and explaining that although “[a] judge must not be unduly biased against a party or prejudge a matter [ ], after hearing the evidence and arguments, a judge must be permitted to ‘judge’ ”).
Notwithstanding the legally insufficiency of the motion, we are compelled to grant the petition because the response voluntarily filed on behalf of the JCC by the Office of Judge of Compensation Claims (OJCC) attempted to refute the alleged partiality of the JCC by asserting—without any record support—that JCC “did not interrupt or raise his voice to counsel” and that he “allowed both sides to fully make their arguments, resulting in what would normally be a 5 to 10 minute hearing lasting over an hour.” This was improper because it effectively placed the JCC in an adversarial posture with Petitioners by impermissibly suggesting that the allegations in the motion to disqualify were an incomplete account of the factual circumstances bearing on the JCC’s impartiality. See Ellis v. Henning, 678 So.2d 825, 827 (Fla. 4th DCA 1996) (granting petition for writ of prohibition because even though response filed on behalf of the trial judge did not directly controvert the allegations in the motion for disqualification, it did so indirectly by “unmistakably conveying] the impression that [the movant’s] allegations are an incorrect and incomplete account of the factual circumstances”). The fact that the response was filed by the OJCC rather than the JCC himself is immaterial. Fabber v. Wessel, 604 So.2d 533, 534 n.1 (Fla. 4th DCA 1992), disapproved on other grounds, Enterprise Leasing Co. v. Jones, 789 So.2d 964 (Fla. 2001); see also Valltos v. State, 707 So.2d 343, 344-45 (Fla. 2d DCA 1997) (explaining that the principle that a judge’s attempt to refute the charges of partiality exceed the proper scope of inquiry and will result in the judge’s disqualification applies with equal force to a response filed on the judge’s behalf in a prohibition proceeding in the appellate court).
In light of this disposition, we take this opportunity to remind the OJCC that it is under no obligation to file a response in a pi-ohibition proceeding such as this unless the court specifically orders it to do so. See Fla. R. App. P. 9.100(e)(3) (stating that “the responsibility for responding to a petition is that of the litigant opposing the relief requested in the petition” and that “[ujnless otherwise specifically ordered, the judge or lower tribunal has no obligation to file a response”); see also Fabber, 604 So.2d at 534 (“Although we do not hold that any response filed by a judge in a prohibition-disqualification proceeding is per se disqualifying, it is decidedly dangerous for the judge to do so. ... It is much the better practice ... for the judge to remain silent and let the adversarial party supply the response. The judge has no personal interest in presiding over any particular case, and the petitioner’s adversary in the lower court can usually be counted on to show why disqualification is not necessary.”). However, if the OJCC chooses to file a response on behalf of the JCC, it must limit the response to the legal sufficiency of the motion and avoid the temptation to factually refute—either directly or indirectly—the allegation of *785 partiality as it did in this case. See Ellis, 678 So.2d at 828.
Accordingly, for the reasons stated above, we grant the petition for writ of prohibition and quash the order denying Petitioners’ motion to disqualify the JCC. We withhold issuance of the formal writ because we are confident that the Deputy Chief Judge of Compensation Claims will promptly reassign this case to another JCC.
PETITION GRANTED.
WETHERELL and KELSEY, JJ., CONCUR. MAKAR, J., CONCURS IN RESULT WITH OPINION.