MAKAR, J.,
concurring in result.
While the legally-correct result is reached in this case, I don’t fully share the views expressed in Fabber v. Wessel, 604 So.2d 533, 534 (Fla. 4th DCA 1992), disapproved of by Enterprise Leasing Co. v. Jones, 789 So.2d 964 (Fla. 2001), particularly that it is “decidedly dangerous” for a response on behalf of a judge to be filed in a prohibition-disqualification proceeding, and that the “better practice” is “for the judge to remain silent and let the adversarial party supply the response.” The claim that a “petitioner’s adversary in the lower court can usually be counted on to show why disqualification is not necessary” has not proven to be true, at least in my thirty years of experience. While a judge shouldn’t have a “personal interest in presiding over any particular ease,” 604 So.2d at 534, a judge surely has a professional interest in assuring that an adequate response is provided in prohibition-disqualification proceedings. Relying solely on the adverse party places too much responsibility on that party; and it creates the potential for a perceived bias to be created that the judge favors the adverse party (after all, the adverse party is expected to defend the trial judge’s legal acumen, if not integrity, under Fabber). All this is too much to expect from a lawyer or law firm that often has little or no interest in expending time and resources on the preparation of an appellate brief that the client may be unwilling to fund. For these and other policy reasons, it may well be the Office of the Judges of Compensation Claims has decided to provide responses as a matter of course, which would be commendable. The isolated statements in its brief in this case that conflict with the petitioner’s statement of facts—though of the type that likely led the court in Fabber to caution against judicial filings in prohibition-disqualification proceedings—are preventable and not so inherently “dangerous” as to jettison representation unless called upon by this Court.