CORRECTED OPINION
FERGUSON, Judge.
This petition seeks to preclude a judge from further hearing a family law case. The trial judge’s “tone and demean- or”, and reliance on personal experiences to challenge the petitioner’s testimony, are at issue. The wife filed the motion for disqualification after two days of trial — subsequent to her testimony on cross-examination but prior to a conclusion of the trial. There were no allegations in the motion for disqualification of a pre-hearing bias against the petitioner, her attorney, or her cause of action, or that any ruling or assessment of the witness was based on anything other than the evidence presented.
It is recognized that a “judicial officer is the sum of his past” who is expected to be influenced by real life experiences. In re Inquiry Concerning a Judge, 357 So.2d 172, 178 (Fla.1978). Application of that experience in weighing the facts and credibility of witnesses is not inappropriate conduct for a judge in a nonjury trial. To the contrary, it was held in In re Int’l Business Mach. Corp., 618 F.2d 923, 930 (2d Cir.1980), that when a trial judge is sitting as the sole finder of fact, his role is not that of a passive observer.
[Bjecause his fact-finding is based on his estimates of the witnesses, of their reliability as reporters of what they saw and heard, it is [the judge’s] duty, while listening to and watching them, to form attitudes towards them. He must do his best to ascertain their motives, their biases, their dominating passions and interests, for only so can he judge of the accuracy of their narrations. ... He must cannily penetrate through the surface of their remarks to their real purposes and motives. He has an official obligation to become prejudiced in that sense. Impartiality is not gullibility. Disinterestedness does not make childlike innocence. If the judge did not form judgments of the actors in those courthouse dramas called trials, he could never render decisions.
Id. (quoting In re J.P. Linahan, Inc., 138 F.2d 650, 653-54 (2d Cir.1943)).
Disbelief in the witness’s testimony, as evidenced by a trial judge’s discomforting inquiry, may, at some point, reflect negatively on a judge’s temperament, but is ordinarily no basis for disqualification. See Mobil v. Trask, 463 So.2d 389 (Fla. 1st DCA) (a judge is not required to abstain from forming mental impressions and opinions during the cause of a proceeding), rev. denied, 476 So.2d 674 (Fla.1985); Deauville Realty Co. v. Tobin, 120 So.2d 198 (Fla. 3d DCA 1960) (the formation of a prejudice by a judge during and as a result of a party’s testimony in a trial does not operate to disqualify the judge in that case), cert. denied, 127 So.2d 678 (Fla.1961). Appellate review offers an adequate remedy for the correction of any order or judgment entered which is not supported by the evidence or the law.
Disqualifying a judge because his examination of a witness on relevant matters gives a clue as to how he may be inclined to rule at the end of the evidence would wreak administrative havoc in the circuit court by inviting mid-hearing motions for recusal. The unacceptable alter *645 native is a blanket rule against a judge’s examination of parties or witnesses.
Prohibition denied.
LEVY, J., concurs.