974 So.2d 579 (2008)
Peter E. PFLAUM, Appellant,
v.
Thomas and Leanne PFLAUM, et al., Appellees.
No. 1D07-6102.
District Court of Appeal of Florida, First District.
February 19, 2008.
*580 Peter E. Pflaum, pro se, Appellant.
Bill Hoppe of the Hoppe Law Firm, Gainesville, for Appellees.

ORDER IMPOSING SANCTION
PER CURIAM.
Peter E. Pflaum seeks review of an order of the Circuit Court for Alachua County arising from a probate action involving his mother's estate. Appellees' counsel has filed a motion which asks this court to prohibit appellant from appearing further without legal representation in this court, to award attorney's fees and to dismiss the appeal. For the reasons set forth below, we grant the motion in part and deny it in part.
This is the tenth appearance of Peter E. Pflaum in proper person in this court since October 2005. All of the cases have related to either the probate action or his separate circuit court action seeking money damages from certain persons having a role in the probate action. The first case resulted in an affirmance. Pflaum v. Pflaum, 926 So.2d 1276 (Fla. 1st DCA 2006). Two extraordinary writ petitions were denied on the merits; four cases were dismissed for failure to pay the filing fee; and three cases, including this one, are pending. All of the cases have been characterized by a steady stream of motions and other filings by appellant/petitioner Peter E. Pflaum, very few of which complied with any rule of appellate procedure or stated a cognizable basis for relief of any kind from this court. Appellees' motion draws our attention to the fact that the circuit court found that Peter E. Pflaum had "engaged in a protracted pattern of willful, deliberate, persistent and contumacious disregard and violation of court orders and intentional abuse of the judicial process," and had proffered a forged document to the court. The circuit court also concluded that Peter E. Pflaum had misrepresented his assets to the court in order to obtain a waiver of filing fees.
Having now considered appellees' motion and appellant's response, and taken notice of Peter E. Pflaum's cases in this court and his filings therein, we conclude that imposition of a sanction is appropriate in accordance with Florida Rule of Appellate Procedure 9.410 and this court's authority to control its docket. See May v. Barthet, 934 So.2d 1184 (Fla.2006); Lee v. Fla. Dep't of Corrs., 873 So.2d 489 (Fla. 1st DCA 2004). Accordingly, Peter E, Pflaum is hereby prohibited from appearing before this court as appellant or petitioner unless represented by a member in good standing of The Florida Bar. He is permitted 15 days from the date of this order within which to retain a Florida attorney who shall file a notice of appearance in this and his other active cases, failing which the cases will be subject to dismissal. The clerk of this court directed to accept no further pro se filings from Peter E. Pflaum; if received, the filings shall be returned to the sender without filing and with reference to this order.
*581 Appellees have asked this court to certify that Peter E. Pflaum is a vexatious litigant pursuant to section 68.093, Florida Statutes. That portion of appellees' motion must be denied because the statute, by its express terms, applies only to proceedings in the trial courts. That limitation, of course, does not affect our authority to impose the sanction described above. Appellees also move for an award of attorney's fees pursuant to section 57.105, Florida Statutes, and we defer a ruling on that portion of the motion until final disposition of this proceeding. Appellees' motion to dismiss is denied at this time, but the case will be subject to dismissal if appellant fails timely to comply with the terms of this order.
IT IS SO ORDERED.
KAHN, WEBSTER, and ROBERTS, JJ., concur.