985 So.2d 597 (2008)
Peter LETTERESE, Individually and Peter Letterese & Associates, Inc., a Florida Corporation, Petitioners,
v.
Dr. Scott BRODY, Respondent.
Peter Letterese, Individually and Peter Letterese & Associates, Inc., a Florida Corporation, Petitioners,
v.
Dr. Marc Schwartz, Respondent.
Nos. 4D08-1509, 4D08-1511.
District Court of Appeal of Florida, Fourth District.
June 4, 2008.
Rehearing Denied July 10, 2008.
*598 Charles D. Franken of Charles D. Franken, P.A., Plantation, for petitioners.
No response required for respondents.
PER CURIAM.
The petitions for writ of prohibition filed in these cases are denied. Petitioner's argument that the trial court lost jurisdiction, and this court acquired exclusive jurisdiction, when these petitions were filed is grossly misconceived.
Petitioner filed these petitions before the trial court had ruled on the motion to disqualify the trial judge that was filed below. The filing of a petition for writ of prohibition in this posture does not deprive the trial court of jurisdiction to rule on the motion to disqualify. An automatic stay of the case below is imposed if the appellate court issues an order to show cause on a petition for writ of prohibition. Fla. R.App. P. 9.100(h). This alone inherently acknowledges that the trial court retains jurisdiction.
Further, the Florida Supreme Court has held that a district court errs in entering an order of prohibition without permitting the trial judge to ascertain whether to disqualify him or herself. Kelly v. Scussel, 167 So.2d 870 (Fla.1964). See also Johnson v. State, 968 So.2d 61, 62 (Fla. 4th DCA 2007) (finding that a petition for writ of prohibition filed before the court has ruled on the motion to disqualify may be found "premature").
Even though the petition in this case was "premature," the trial court subsequently denied the motion as legally insufficient, and we now review the motion to disqualify.
Petitioner's argument that the trial court lacked authority to hold a hearing on the motion to disqualify, and that this alone was grounds for disqualification, is without merit. Although a trial court judge may not dispute or determine the factual allegations of the motion, the judge may hear argument as to whether a motion to disqualify is legally sufficient. See Bundy v. Rudd, 366 So.2d 440, 442 (Fla. 1978) (holding that judge exceeds scope of inquiry, and disqualification is required, if the judge looks beyond the legal sufficiency of the motion and disputes the charges *599 of partiality). The trial judge ruled on the motion to disqualify before addressing any other matters in this case and within the time prescribed by rule. Fla. R. Jud. Admin. 2.330(j).
We agree that the motion to disqualify was legally insufficient. The judge in this case, having repeatedly heard the arguments of both parties "ad nauseum" was permitted to enter a ruling on the issues. A judge must be permitted to serve in his or her role as decision maker. A judge must not be unduly biased against a party or prejudge a matter but, after hearing the evidence and arguments, a judge must be permitted to "judge." While the judge's choice of terminology, "ad nauseum," and "[a] proctologist couldn't have been more thorough than what we did," in describing the amount of argument that was heard on the issues, may have been blunt in this case, this did not establish an objectively reasonable basis for petitioner to fear the judge was prejudiced or biased against him. The judge heard extensive argument on the issues and both parties were permitted more than adequate time to argue their side.
None of the other comments complained about in the petition show any reasonable basis for petitioner to fear bias or prejudice. See Levine v. State, 650 So.2d 666 (Fla. 4th DCA 1995) (explaining that the facts and reasons given for disqualification of a judge must tend to show personal bias or prejudice); State v. Shaw, 643 So.2d 1163, 1164 (Fla. 4th DCA 1994) (explaining that the fear of judicial bias must be objectively reasonable and that a mere subjective fear of the party is not sufficient).
The petition essentially complains because the trial judge, after having heard both sides of the argument fully, ruled against petitioner and agreed with the opposing party. Neither the adverse legal ruling, nor the alleged error in the trial court's decision, is a basis for disqualification. See Thompson v. State, 759 So.2d 650, 659 (Fla.2000) (noting that the fact a judge has ruled against a party in the past is not a legally sufficient basis for disqualification); Harris v. P.S. Mortgage & Inv. Corp., 558 So.2d 430 (Fla. 3d DCA 1990) (finding that trial judge's prior ex parte order erroneously approving settlement did not entitle aggrieved party to disqualification of judge).
The petitions contain many exaggerated arguments that are not supported by the record. We reject these unsupported contentions and caution petitioner's counsel that the filing of frivolous actions, or those initiated in "bad faith," can result in sanctions. Fla. R.App. P. 9.410.
Petitions Denied.
SHAHOOD, C.J., WARNER and POLEN, JJ., concur.