997 So.2d 1124 (2008)
COOPER TIRE & RUBBER COMPANY, a foreign corporation, Petitioner,
v.
Sandra RODRIGUEZ, Respondent.
No. 3D08-2319.
District Court of Appeal of Florida, Third District.
October 29, 2008.
Rehearing and Rehearing En Banc Denied January 6, 2009.
*1125 Holland & Knight and Rodolfo Sorondo, Jr., Kathleen M. O'Connor, Thornton, Davis & Fein and Frederick J. Fein, Miami, for petitioner.
Ross & Girten and Lauri Waldman Ross, Miami, for respondent.
Before GERSTEN, C.J., and COPE and SALTER, JJ.
SALTER, J.
Cooper Tire & Rubber Company seeks a writ of prohibition after the denial of Cooper Tire's motion to disqualify the circuit court trial judge. We deny the petition.
The disqualification of a presiding trial judge is a serious and disruptive matter. Each petition here must be carefully reviewed to be certain that it is well-founded and not merely an attempt at forum-shopping.
In this case, the underlying personal injury lawsuit has been underway for four years, and a discovery issue has been underway for over six months. Under Florida Rules of Judicial Administration 2.250(a)(1)(B), trial judges are charged with completing most civil jury cases (filing through trial and post-trial motions) in eighteen months.
Here the record reflects that plaintiff's counsel learned that Cooper Tire's counsel had a trial conflict beginning September 15, 2008, and approached the court's judicial assistant about finding other dates for a hearing on a long-pending motion to compel. As the dissent properly notes, the trial judge was not precluded, ethically or otherwise, from discussing the schedule for a pretrial discovery hearing.[1]
In this case, the order moving the hearing to September 11 and 12 was entered on September 4, 2008 and faxed that day to Cooper Tire's counsel. If those dates were not available for counsel, Cooper Tire could and should have immediately identified other available dates, filed its promised written motion for continuance, notified opposing counsel and the court, and requested an immediate telephonic hearing (or a so-called "add on" for the next motion calendar) to resolve the matter.[2] Indeed, ultimately the trial court acceded to Cooper Tire's requests and did not go forward with the hearing on September 11-12 or 16-17.
*1126 But instead of identifying other available dates in a promptly-filed motion for continuance of the hearing, Cooper Tire moved to disqualify the trial judge and sought prohibition here when its motion was denied. The assignment of a new trial judge would inevitably delay the ultimate disposition of the pending discovery motions and trial of the case, and might also afford the defense a second bite at the apple on the discovery orders entered thus far.
The trial court should not be disqualified for attempting to keep the case moving by offering other days for a hearing. Coaxing counsel to get a case to trial, much less a pretrial discovery issue to resolution, is not sufficient to create a "well grounded fear" that a party will not receive a fair trial. Florida Rules of Judicial Administration 2.330(d)(1) specifies that the movant for disqualification must set forth "specifically described bias or prejudice of the judge" (emphasis added). The only bias or prejudice exhibited on this record is one in favor of dispatch and against further delaynot for or against a party, counsel, or particular outcome. There is a difference between "holding the parties' feet to the fire" and creating a well grounded fear warranting disqualification.
Petition denied.
COPE, J. (dissenting).
Cooper Tire & Rubber Company has filed a petition for writ of prohibition, seeking disqualification of the trial judge. The legal standard was met and we should grant the petition. I respectfully dissent from the majority opinion.
Plaintiff-respondent Sandra Rodriguez brought suit for injuries sustained in a rollover accident that she alleges was partly caused by defects in a tire manufactured by petitioner-defendant Cooper Tire & Rubber Company. The plaintiff propounded document discovery requests. The defendant produced some documents while objecting to the production of others.
The trial court entered two orders compelling the defendant to produce the objected-to documents. The court scheduled an evidentiary hearing and in-camera inspection for portions of September 16-17, 2008. In the meantime this court entered a discovery stay pending certiorari review of the two discovery orders. Cooper Tire & Rubber Company v. Rodriguez, No. 3D08-816.
Leading up to the present controversy, on August 29, 2008 the court was conducting a telephone hearing in an unrelated case. It happens that plaintiff's counsel in this case also represents a party in the unrelated case, but Cooper Tire is not a party in the unrelated case. The trial court initiated a discussion in the unrelated case about scheduling in this case. The attorneys pointed out that Cooper Tire was not privy to the discussion and undoubtedly would object to reduction of the time allotment for September 16-17. The trial court reduced the time allotment.
On September 3, 2008, Cooper Tire's defense counsel informed plaintiff's counsel that he had been called to trial in another case on September 15 and would be unable to attend the hearing in this case on September 16-17. Plaintiff's counsel would not agree to continue the matter. Defense counsel indicated that he would move for a continuance.
On September 4, plaintiff's counsel visited the trial judge's chambers and spoke to the judicial assistant to try to reschedule the September 16-17 hearing. The trial judge overheard the conversation and indicated that it might be possible to move the hearing to earlier dates, namely, September 11-12. The judge directed plaintiff's counsel to prepare an order which denied *1127 the not-yet-filed motion for continuance. The judge signed the order.
Although defense counsel had not yet filed a motion for continuance, the order stated that the cause had come on to be heard on an ex parte basis "on Cooper's motion to continue special set hearing (scheduling issue only)." The order stated that the court would "attempt to accom[m]odate the parties by entertaining the [discovery] motions on Sept. 11 & 12 depending on availability & weather conditions. If the court is not available on Sept. 11th & 12th the hearing shall take place as originally scheduled on 9/16 & 17."
Plaintiff's counsel faxed the order and cover letter to defense counsel, explaining how the order came to be entered. Defense counsel filed a motion for disqualification, which the trial court denied as legally insufficient. This petition for writ of prohibition follows.[3]
Respectfully, the motion for disqualification should have been granted. The Florida Supreme Court has said:
[A] party seeking to disqualify a judge need only show "a well grounded fear that he will not receive a fair trial at the hands of the judge. It is not a question of how the judge feels; it is a question of what feeling resides in the affiant's mind and the basis for such feeling." The question of disqualification focuses on those matters from which a litigant may reasonably question a judge's impartiality rather than the judge's perception of his ability to act fairly and impartially.
Livingston v. State, 441 So.2d 1083, 1086 (Fla.1983) (citations omitted).'
In this case defense counsel had conveyed his intention to plaintiff's counsel to file a motion to continue the September 16-17 hearing. Defense counsel had not yet filed the motion when, the next day, plaintiff's counsel went to the judge's chambers to request alternative dates from the judicial assistant. The judge became involved in the discussion and ruled that the defendant's not-yet-filed motion for continuance would be denied. This was done without the defense having filed its motion and without being heard on the motion. These circumstances would give rise to a reasonable fear, when looked at from the viewpoint of the movant, that the movant would not receive a fair trial.
The plaintiff argues that the Code of Judicial Conduct contains a limited exception allowing ex parte communications for purely scheduling matters. The exception provides:
(a) Where circumstances require, ex parte communications for scheduling, administrative purposes, or emergencies that do not deal with substantive matters or issues on the merits are authorized, provided:
(i) the judge reasonably believes that no party will gain a procedural or tactical advantage as a result of the ex parte communication, and
(ii) the judge makes provision promptly to notify all other parties of the substance of the ex parte communication and allows an opportunity to respond.
Fla. Code Jud. Conduct Canon 3B(7) (emphasis added).
The Canon 3B(7) exception does not apply here. The plaintiff received a procedural advantage. Certainly the defense was entitled to file its motion for continuance and make its arguments, prior to the court rendering a ruling. Obviously there was a question whether it was reasonable to require defense counsel to participate in *1128 an evidentiary hearing on September 11 and 12 while preparing for a trial to begin on September 15.
I must respectfully suggest that the majority opinion's discussion about forum shopping is a red herring. Every motion to disqualify a trial judge is a request that the assigned judge withdraw and a new judge be substituted. That being so, every motion to disqualify requests a change of forum.
The majority opinion seems to say that all of this is defense counsel's fault for not filing a faster motion for continuance. But the conversation between plaintiff's counsel and defense counsel was on September 3, and the ex parte order was entered on September 4. And, respectfully, there is no rule that valid reasons for disqualification lose their force if the case is an old case.
The only issues properly before us are (1) did the events occurring here fall within the scheduling exception of the Code of Judicial Conduct (I submit that this case is not within the exception), and (2) was the disqualification standard met (I submit that it was).
I do not say the judge acted with bad motive, but the question of disqualification must be viewed from the perspective of the litigant, not the judge. Livingston, 441 So.2d at 1086. When the trial court denies a not-yet-filed motion, that goes beyond the court's limited latitude for ex parte communications regarding scheduling. The legal standard was satisfied under the circumstances of this case.
NOTES
[1] We agree with the dissent that the better practice would have been for the trial judge to bring defense counsel into the scheduling discussion by telephone, once the trial judge decided to look at his calendar and participate in the rescheduling.
[2] The order resetting the discovery hearing is characterized by the dissent as one which denied a motion not yet made. But Cooper Tire's counsel had asked opposing counsel to consent to a rescheduling and had indicated that the motion would be filed. The motion should have been filed immediately so that it could be heard as far in advance of the then-scheduled hearing date as possible. Any interlocutory order involving the scheduling for a pretrial discovery matter can be reconsidered or vacated when the circumstances warrant, and Cooper Tire was not precluded from seeking that relief if the alternative dates of September 11 and 12 were unavailable.
[3] The trial court ultimately continued the September 16-17 hearing.