PER CURIAM.
 

 USAA Casualty Insurance Company has filed an “emergency” petition for writ of certiorari seeking review of an order from the circuit court acting in its appellate capacity. The circuit court’s order defers ruling on a motion for review of a county court order denying a stay.
 
 See
 
 Fla. R.App. P. 9.310(f). We dismiss this petition because USAA has not been denied due process, there is no showing of irreparable harm that warrants emergency review, and the circuit court’s order deferring a ruling is not a departure from the essential requirements of law.
 

 USAA alleges that there is a premature bad faith claim pending in the trial court. It sought certiorari review in the circuit court to prevent the plaintiff from obtaining bad faith discovery before liability is decided. The petition remains pending in the circuit court. Meanwhile, in the trial court, the plaintiff has sought discovery related to the bad faith claim. USAA objected and moved for a protective order, which was denied. The plaintiff has filed a motion to compel discovery, but the trial court has not ordered USAA to produce any bad faith discovery. The trial court denied a motion for stay pending appellate review. USAA then filed an “emergency” motion for review in the circuit court essentially seeking review of the county court order denying a stay. The circuit court held a brief hearing, concluded there was no “emergency” and deferred ruling on the merits of the motion for review.
 

 USAA seeks emergency second-tier cer-tiorari review from this court. We have also considered the exercise of mandamus jurisdiction, but we agree with the circuit court that there is no “emergency,” and the circuit court did not depart from the essential requirements of law in deferring ruling on a request for a stay.
 

 The court system is overloaded.
 
 See In re Certification of Need for Additional Judges,
 
 3 So.3d 1177 (Fla.2009). As a result of budget cuts in recent years, the courts have lost staff, which has increased the workload of judges and remaining personnel and slowed the disposition of pending cases. Meanwhile, civil and criminal filings have increased.
 

 To safeguard the rights of litigants and assure meaningful review in time sensitive cases, certain types of cases, such as the termination of parental rights and the denial of pretrial bond, are reviewed on an expedited basis. To help identify other cases that need prompt review, this court requires litigants who seek emergency review to include a certificate certifying the existence and nature of the emergency.
 
 In Re: Emergency Filings,
 
 Fla. Admin. Order No. 4D02-08 (Feb. 11, 2008).
 

 Pleadings filed as emergencies disrupt court procedures and interrupt work on cases that were already pending. Consequently, an attorney who seeks “emergency” review immediately loses credibility if this court discovers there is no true emergency.
 

 In this case, there is no irreparable harm caused by the delay in ruling on the request for stay pending appellate review. The trial court has not compelled any premature bad faith discovery. Even if USAA was ordered to produce discovery
 
 *590
 
 before the circuit court ruled on the motion for review, USAA has reasonable grounds to object to discovery and could appeal any sanction imposed. USAA can certainly notify the circuit court if the circumstances in the trial court change. USAA could also request that the circuit court rule on the motion for review without waiting for a hearing.
 

 There is no need for expedited review in this case. This petition is dismissed.
 

 POLEN, FARMER and MAY, JJ., concur.