Kuntz, J.
The defendant appeals his convictions of burglary of an occupied dwelling, grand theft, auto, and resisting an officer without violence. The State cross-appeals the denial of its motion for supplemental costs of prosecution. We write to explain our affir-mance of: (A) the denial of the defendant’s motions to disqualify the trial court, and (B) the denial of the defendant’s motion for mistrial. We affirm without further comment the defendant’s other issues on appeal, as well as the State’s cross-appeal.
A. The Motions to Disqualify
The defendant first argues that the trial court erred when it denied his motions to disqualify the presiding judge which were based upon the judge’s demeanor toward defense counsel.
Our review is de novo, limited to a determination as to whether the motion to disqualify was legally sufficient as a matter of law. Zuchel v. State, 824 So.2d 1044, 1046 (Fla. 4th DCA 2002). The sufficiency of a motion to disqualify is governed by section 38.10, Florida Statutes (2015), and “to decide whether the motion is legally sufficient, a determination must be made as to whether the facts alleged would place a reasonably prudent person in fear of not receiving a fair and impartial trial.” Pugliese v. Deluca, 207 So.3d 974, 976 (Fla. 4th DCA 2016) (quoting MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332, 1334-35 (Fla. 1990)). Further, when reviewing the facts alleged, we accept the movant’s sworn statements as true. Kersaint v. State, 15 So.3d 41, 41-42 (Fla. 3d DCA 2009).
The defendant’s first motion to disqualify was facially insufficient, as it was not sworn nor supported by an affidavit. While he correctly notes that an affidavit was filed one day after he filed the first motion, the court denied the first motion before the affidavit was filed. Therefore, the first motion was facially deficient and correctly denied.
His second motion to disqualify was similar to his first, although it was not identical and did not include all of the facts alleged in the first motion. His second motion, filed seven days after the first, was supported by an affidavit. In the affidavit, which was nearly identical to the contents of the motion, the defendant stated that the trial court had shown clear disregard for his attorneys. The next twelve paragraphs of his twenty-five paragraph affidavit relate to scheduling concerns. The defendant stated that the trial court demonstrated its contempt for his attorneys by allowing the State to delay calling two witnesses until the following week. The defendant argued this delay demonstrated the court’s hostility toward his attorneys because the court had previously assured his counsel that the trial would not be extended due to counsel’s pre-planned vacation.
Next, the defendant stated that the court “threatened” one of his attorneys at sidebar and stated that she would make that attorney sit down if the attorney continued to interrupt her. The defendant also *837 asserted that the court “scolded” his attorneys and told them not to interrupt her, impeded his attorneys from making a record, and showed clear favoritism to the attorneys for the State.
We recognize that in other cases we have found this same judge’s treatment of defendants and defense counsel sufficient to warrant disqualification. See Montgomery v. State, 150 So.3d 1231 (Fla. 4th DCA 2014); Arend v. State, 149 So.3d 126 (Fla. 4th DCA 2014). We also note there were factual allegations in the defendant’s first motion, and in the record itself, indicating that some of the same conduct warranting disqualification in Arend and Montgomery may have been present in this case. However, our review is limited to the sworn facts in the defendant’s second motion. Gates v. State, 784 So.2d 1235, 1237 (Fla. 2d DCA 2001) (“This determination is to be based on the allegations only .... ”).
The facts alleged in the second motion and supporting affidavit were not sufficient to warrant disqualification. We categorize the defendant’s complaints into two related groups: the first relating to scheduling, and the second relating to the judge’s treatment of his attorneys. Regarding scheduling, the defendant argues that the court orally assured his attorneys before trial that the trial would conclude before April 10, 2015. However, during trial, two of the State’s witnesses were unavailable and the court allowed them to be called the following week on Monday, April 13, 2015. According to the defendant, this was a demonstration of the court’s “clear favoritism to the State.”
We agree that courts must be reasonable with scheduling and should consider the impact scheduling decisions have on the parties and their counsel. However, we disagree that the court’s decision in this case justified disqualification. Allowing the witnesses to testify the following week, as opposed to delaying the trial for weeks or months into the future, might be inconvenient to defense counsel, but is not inconsiderate to the defendant whose liberty is at stake. That is especially so in this case, where counsel failed to seek or obtain a written order before trial excusing herself during the period of the planned vacation.
As the Third District has concluded, a “trial court should not be disqualified for attempting to keep the case moving,” Cooper Tire & Rubber Co. v. Rodriguez, 997 So.2d 1124, 1126 (Fla. 3d DCA 2008), by offering other days for a proceeding. In Rodriguez, the court stated that “the only bias or prejudice exhibited on this record is one in favor of dispatch and against further delay—not for or against a party, counsel, or particular outcome.” Id. Regarding the court’s decision to allow the two witnesses to testify the following week, the same is true in this case.
The defendant’s other grouping in support of disqualification, the court’s treatment of his attorneys during trial, is also insufficient. This grouping includes allegations that the judge raised her voice at defense counsel, scolded defense counsel, pointed a finger at defense counsel in clear view of the jury, and threatened one of the defense attorneys at a sidebar that the attorney would be required to remain seated if she continued to speak on the record. The second motion and affidavit do not indicate when or why the judge engaged in this conduct or whether the State’s attorney was treated in a similar fashion. Without any context, we are unable to conclude that the conduct of the judge would cause a reasonably prudent person in the defendant’s position to fear that he could not get a fair and impartial trial.
Our conclusion is supported by Ellis v. Henning, 678 So.2d 825 (Fla. 4th DCA 1996), where the affidavit in support of disqualification alleged:
*838 [T]he trial judge treated plaintiffs’ counsel with “disdain and obvious animosity” and addressed counsel in a “hostile, angry manner and in a tone, expression, and body language that evinced anger, hostility, and personal contempt.” The affidavits further allege that -the trial judge accused the law firm of “playing word games,” and of “making misrepresentations ‘every time you come in here,’ and .... trying to ‘turn this Court inside out.’ ”
Id. at 827. In Ellis, we held that “[a] trial judge’s expression of dissatisfaction with counsel or a client’s behavior alone does not give rise to a reasonable belief that the trial judge is biased- and the client cannot receive a fair trial.” Id. (citing Oates v. State, 619 So.2d 23 (Fla. 4th DCA 1993); Nassetta v. Kaplan, 557 So.2d 919 (Fla. 4th DCA 1990)). While we have a transcript in this case, which we did not have in Ellis, we are still unable to determine the exact context of the comments and non-verbal signals, nor whether the judge treated counsel for the State in the same manner.
The defendant’s allegation that the judge threatened to require one of his attorneys to sit at counsel table for the remainder of the trial if she continued to interrupt is also insufficient. These allegations do not show prejudice. Rather, as alleged, the conduct reveals the judge’s efforts to control her courtroom. Braddy v. State, 111 So.3d 810 (Fla. 2012) (determining, where the defendant was disruptive and continually tried to interrupt, the' judge’s stern comments and threat to revoke his right to proceed pro se did not require disqualification; rather, they were simply the judge’s efforts to control the courtroom); State ex rel. Fuente v. Himes, 160 Fla. 757, 36 So.2d 433, 438-39 (1948) (“A lawyer cannot disagree with the court and deliberately provoke an incident rendering the court disqualified to proceed further.”); Birotte v. State, 795 So.2d 112, 113 (Fla. 4th DCA 2001) (“[A] judge’s expression of dissatisfaction with counsel’s unprofessional behavior does not give rise to a reasonable fear of bias or prejudice.’’). A judge is not required to allow a lawyer to interrupt .proceedings. Letterese v. Brody, 985 So.2d 597, 599 (Fla. 4th DCA 2008). And, in the end, “a judge must be permitted to ‘judge.’ ” Id.
We do not condone the mistreatment of counsel or parties, and the record does include some conduct by the' trial court which causes concern. Howevér, as' our review is limited to the sufficiency of the second motion to disqualify, the facts on the face of the motion and supporting affidavit were insufficient to support disqualification.
B. The Motion for Mistrial
We also address the defendant’s argument that the court erred when it denied his motion for mistrial after a trial witness testified that the victim’s child provided a description of the perpetrator.
During the cross-examination of one of the arresting officers, counsel established that the victim gave the officer information about what happened on the day in question. In response to repeated questions asking whether the victim provided a description of the perpetrator, the officer testified that the victim’s non-testifying child gave the description.
Counsel objected and, at sidebar, stated that the officers had been instructed not to refer to the non-testifying minor child. Later, the court ruled that the testimony was improper and that defense counsel did not “open the door.” The court told the parties that it would give a curative instruction. The defendant’s counsel moved for a mistrial, stating the officer testified that the child provided an identification, and arguing that a curative instruction would not “unring this bell.” The court deferred ruling on the mistrial motion and, by that *839 time; the jury had been sent home and was not scheduled to return until after a long Easter weekend.
When court reconvened the following week, the judge denied the motion for mistrial, and gave a curative instruction. Thus, the officer made an improper comment on Wednesday, April 1, 2015, and the curative instruction was not given until Monday, April 6, 2016.
We review the trial court’s denial of the motion for a mistrial for abuse of discretion. Shaffer v. State, 619 So.2d 409, 410 (Fla. 4th DCA 1993).
It is typically error to delay giving a curative instruction. Melehan v. State, 126 So.3d 1118, 1126-27 (Fla. 4th DCA 2012). However, the facts in Melehan were quite different. There, the trial court initially admitted deposition testimony, which was the only evidence implicating the defendant. Id. at 1126. The court later acknowledged that the testimony was inadmissible. Id. at 1124. When the court reconsidered its position, the defendant asked for a mistrial. Id. at 1125. The court denied the motion for mistrial and, two days later, gave a curative instruction. Id. On those facts, where the testimony was the only evidence implicating the defendant, we held it was error to deny 'the mistrial. Id.
In this case, the officer’s testimony was not the only evidence implicating the defendant. Importantly, the officer did not even testify that the child identified the defendant. Instead, he merely stated that the child had given a description of the perpetrator. The officer did not testify as to whether the description was consistent with the defendant and, in fact, did not provide any information about the description at all.
The fact that the child’s out-of-court statement did not incriminate the defendant distinguishes this case from the cases relied upon by the defendant. See Martin v. State, 85 So.3d 537 (Fla. 4th DCA 2012); Tosta v. State, 786 So.2d 21 (Fla. 4th DCA 2001); Schaffer v. State, 769 So.2d 496 (Fla. 4th DCA 2000). In each of those cases, the jury was exposed to the fact that an out-of-court statement was made and that the statement incriminated the defendant. Here, the officer merely testified that the child gave a-description, but he did not provide any -facts about the description. The fact that a description was given, without more, was not sufficient to declare a mistrial. See, e.g., Dennis v. State, 817 So.2d 741 (Fla. 2002).
C. Conclusion
' The defendant’s motions to disqualify the trial court were not facially sufficient. Therefore, the court properly denied those motions. Likewise, the court properly denied the defendant’s motion for mistrial because the testimony at issue did not incriminate him.

Affirmed,

Gerber, J., concurs.
Warner, J. dissents with opinion.