DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HOLLYWOOD PARK APARTMENTS WEST, LLC,**
Petitioner,

v.

**CITY OF HOLLYWOOD, FLORIDA,**
Respondent.

No. 4D22-1523

[January 11, 2023]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara McCarthy, Judge; L.T. Case No. CACE-19-013721.

Melissa A. Giasi and Erin M. Berger of Giasi Law, P.A., Tampa, for petitioner.

John Wien and Douglas R. Gonzales, Office of the City Attorney, City of Hollywood, Hollywood, for respondent.

WARNER, J.

Petitioner Hollywood Park Apartments West (Apartments) seeks review of an order denying its motion to disqualify the judge from presiding over its case in the trial court. We conclude the motion to disqualify was legally sufficient and grant the petition.

The underlying dispute between the parties involved the City of Hollywood (City) back-billing Apartments for five years of underpayment of water bills after City discovered a defective meter had caused underbilling. A predecessor judge entered summary judgment in City's favor permitting the back-billing and accepting City's argument that a 2014 amended ordinance provided the method to calculate the unbilled amounts.

The grounds for disqualification arose during a post-summary judgment status hearing. The day prior to the hearing, the judge had held a hearing to consider Apartment's request for emergency relief to compel City to reconnect the water supply to the twenty-four-unit apartment

building. Apartments argued that no final judgment had been entered determining the amount it owed, City failed to give proper notice of its intent to disconnect the water, and the disputed amounts concerned a period from 2011-2016, but all other bills were paid. City agreed with Apartments that its current bills were paid, and the disputed five years were at issue.

At that status hearing, the judge stated that no motions were pending. She indicated that she intended to appoint a receiver, because she believed Apartments had been collecting rents that included amounts for water but failed to pay City for the water. The judge also commented to Apartments' attorney that, "I'm not going to get into this now, but you may want to talk to your clients about . . . this, whether eventually -- I don't know much more about the case than-- than . . . what you told me-- whether the Court needs to refer this case to the state attorney's office for review."

When Apartments' owners joined the hearing, twice again the judge threatened to refer Apartments to the State Attorney for investigation.

After the hearing, Apartments filed a motion to disqualify the judge. Apartments contended that the judge's comments showed that the judge had prejudged the case before hearing the evidence. Also, the judge's comments threatening criminal referral to the State Attorney's office had caused Apartments to fear that it would not receive a fair trial. The judge denied Apartments' motion without comment, prompting this petition.

"To be legally sufficient, a motion to disqualify must demonstrate 'some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had.'" *Downs v. Moore*, 801 So. 2d 906, 915 (Fla. 2001) (citation omitted). The fear of bias must be objectively reasonable, and not based on the subjective fears of the party. *Letterese v. Brody*, 985 So. 2d 597, 599 (Fla. 4th DCA 2008); Fla. R. Gen. Prac. & Jud. Admin. 2.330(e)(1).

Petitioner's claims are well taken. The trial judge's comments, at a hearing at which no rulings were to be made, included threats of criminal prosecution and a unilateral determination that a receiver should be appointed. These comments gave rise to a well-founded fear of bias.

The trial judge's consideration of the receiver amounted to a determination on an issue not before the court. *See Chmilarski v. Empire Fire*, 340 So. 3d 563, 566 (Fla. 3d DCA 2022). Most significantly, however, the trial judge threatened the party with criminal investigation several times. That alone would cause a party to fear that the trial judge was biased against it, and the party could not receive a fair trial.

2

For these reasons, we grant the petition.

LEVINE and KUNTZ, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***