# Third District Court of Appeal

## State of Florida

Opinion filed April 26, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D21-1459 and 3D22-242
Lower Tribunal No. 19-9669

_____

**Fred Viera, Jr.,**
Appellant,

vs.

**Vivienne L. Viera,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, Stacy D. Glick, and Christina Marie DiRaimondo, Judges.

Fred Viera, Jr., in proper person.

Davis Smith & Jean, LLC, and Sonja A. Jean and Laura Davis Smith, for appellee.

Before FERNANDEZ, C.J., and EMAS and MILLER, JJ.

EMAS, J.

In these consolidated appeals, Fred Viera, Jr. appeals several orders: (1) a final judgment of dissolution of marriage from his former wife, Vivienne L. Viera; (2) two orders denying Mr. Viera's motions to disqualify the trial judge; and (3) an order holding him in contempt and orders related thereto. Following our review, and for the reasons that follow, we affirm in part and reverse in part.

## PROCEDURAL HISTORY

Fred Viera ("Former Husband") filed a petition for dissolution of marriage from his wife, Vivienne Viera ("Former Wife") on April 27, 2019. The couple had three minor children. Former Wife later filed a counterpetition. Throughout the proceedings, Former Husband and Former Wife had disagreements about the children and about their assets, primarily the marital home.

The day before trial was set to begin, Former Husband filed a motion to disqualify the trial judge, claiming she was biased. His allegations were based on what he characterized as the trial judge's allegedly "outrageous" and "alarming" prior rulings which, according to Former Husband, had no evidentiary foundation. The trial court denied the motion, and trial commenced. During the trial, Former Husband filed a second motion to disqualify the trial judge, claiming she showed bias by questioning Former

2

Husband's truthfulness and by indicating Former Husband had disrupted the proceedings.[1]  This motion was also denied.  Former Husband filed a petition for writ of prohibition with this court on the issue, see Viera v. Viera, No. 3D21-677, and this court ultimately denied Former Husband's petition.

Following the trial's conclusion, the trial court instructed the parties to prepare proposed final judgments.  Thereafter, the trial court entered its final judgment of dissolution of marriage on July 13, 2021.

Following the entry of final judgment, Former Husband filed his third motion to disqualify the trial judge, this time asserting she had adopted Former Wife's proposed final judgment verbatim and had "made unnecessary and offensive findings in the judgment that only serve to communicate the Court's animosity towards [Former] Husband and his female law partner."  The trial court once again denied the motion.  Former Husband thereafter filed his fourth motion to disqualify, claiming the trial judge took an adversarial role by citing, in her order denying the third disqualification motion, to cases that have nothing to do with the legal sufficiency of a disqualification motion. This fourth motion was also denied.

---

[1] Former Husband is a member in good standing of the Florida Bar, and represented himself in the trial below and in this appeal.

In post-judgment proceedings, Former Wife filed a motion for enforcement and contempt, asserting Former Husband had willfully failed or refused, inter alia, to pay the court-ordered child support and alimony. She moved for an order to show cause why Former Husband should not be held in indirect contempt on this basis.

On September 23, 2021, the trial judge recused herself. After a successor judge was assigned, the trial court held a hearing on Former Wife's motion for enforcement and contempt,[2] ultimately finding Former Husband in indirect criminal contempt for his willful refusal to comply with several portions of the final judgment while having the ability to comply: to pay alimony, child support and child support arrearages; to execute and deliver to Former Wife a quit claim deed for the former marital home; to establish an account with the Florida Disbursement Unit/Central Depository to make alimony and child support payments through the Depository; to name Former Wife and minor children as irrevocable beneficiaries of a $500,000 insurance policy; and to provide proof that he established a

_____

[2] Former Wife also filed a motion for order to show cause why Former Husband should not be held in indirect criminal contempt of court for his continued failure to pay the financial obligations contained in the Final Judgment. An order to show cause was issued on December 14, 2021.

separate payment plan for a 2019 IRS tax liability for which only he is responsible.

The court placed Former Husband on six months' probation, with a special condition of thirty days to be served in the county jail. However, the trial court included a purge provision by which Former Husband would not face incarceration if he complied with several conditions, including payment in full of arrearages of child support and alimony to Former Wife. These appeals followed, and this court thereafter consolidated the two appeals for the purpose of traveling together.

## DISQUALIFICATION ORDERS

Upon our de novo review, see Menada, Inc. v. Arevalo, 341 So. 3d 1189 (Fla. 3d DCA 2022), we affirm the trial court's denial of the disqualification orders on appeal. Although Former Husband asserts that the court erred in denying these motions because he made a legally sufficient showing of his well-founded fear that he would not receive a fair trial, any alleged credibility determinations by the trial court were made in the course of performing its duties as a factfinder. See e.g., Nateman v. Greenbaum, 582 So. 2d 643 (Fla. 3d DCA 1991) (noting disbelief in witness' testimony is ordinarily no basis for disqualification); Deauville Realty Co. v. Tobin, 120 So. 2d 198 (Fla. 3d DCA 1960) (holding formation of prejudice by a judge

during and as a result of a party's testimony in a trial does not operate to disqualify the judge in that case).  Further, and to the extent Former Husband based his motions to disqualify on what he characterized as erroneous pretrial rulings made without a proper evidentiary foundation, such allegations will almost invariably be an insufficient basis for disqualification. See Jackson v. State, 599 So. 2d 103, 107 (Fla. 1992) ("A motion to disqualify must be well-founded and contain facts germane to the judge's undue bias, prejudice, or sympathy. The fact that a judge has previously made adverse rulings is not an adequate ground for recusal") (internal citations omitted); Quintas Vazquez v. Smith, 318 So. 3d 579, 579 (Fla. 3d DCA 2021) (reaffirming the "well-settled principle that the laws governing judicial disqualification were never intended 'to enable a discontented litigant to oust a judge because of adverse rulings made', but instead, serve 'to prevent his [or her'] future action in the pending case.'") (quoting Berger v. United States, 255 U.S.  22, 31 (1921) (additional citations omitted)).

We find nothing in the record to suggest that the trial court erred in denying the disqualification motions. We find no merit in any of the other

arguments raised by Former Husband[3] and we accordingly affirm the orders denying disqualification.

## FINAL JUDGMENT OF DISSOLUTION

As for Former Husband's appeal of the final judgment of dissolution, we affirm in part and reverse in part. We find no error or abuse of discretion[4] in the trial court's determinations as to timesharing, parental decision-making, imputation of income, alimony, equitable distribution and the designation of the former marital home as marital property. However, upon Former Wife's proper concession of error, we reverse that portion of the final judgment which allowed Former Wife three years to refinance the mortgage and line of credit on the former marital home, and we remand for the trial court to amend that portion of the final judgment to articulate a methodology by which Former Wife shall, within a reasonable time not to exceed two years, refinance the property and remove Former Husband from the

---

[3] As such, it is unnecessary for this court to reach the question of whether any alleged error was harmless. See Davis v. State, 347 So. 3d 315 (Fla. 2022) (holding appellate court, on plenary appeal, should apply a harmless error standard to review an erroneous denial of a legally sufficient motion to disqualify the trial judge).

[4] See Rodriguez v. Lorenzo, 215 So. 3d 631 (Fla. 3d DCA 2017) (reviewing alleged errors in a final judgment of dissolution of marriage under abuse of discretion standard).

mortgage, failing which the property shall be sold and the proceeds distributed accordingly.

In addition, we reverse that portion of the final judgment which calculated retroactive child support because, as Former Husband properly contends, the final judgment failed to expressly consider or address the unrebutted trial testimony and other evidence presented by Former Husband that, during the retroactive time period, he made payments to Former Wife and to third parties, for the benefit of the minor children, totaling $88,267.29, but was not credited for same in the final judgment.[5]  See § 61.30(17), Fla. Stat. (2021) ("In determining the retroactive award [of child support] . . . the court shall consider the following: . . . All actual payments made by a parent to the other parent or the child or third parties for the benefit of the child throughout the proposed retroactive period").

On remand, the trial court should address these purported payments in the final judgment and consider them in the calculation of retroactive child support if the trial court determines they were actual payments made by

---

[5] Former Wife's answer brief wholly failed to address this claim raised on appeal by Former Husband.

Former Husband to Former Wife or to third parties for the benefit of the children during the retroactive period.[6]

Accordingly, we affirm the orders denying disqualification and, except as noted above, the final judgment of dissolution of marriage.[7]

---

[6] We find no merit in the other arguments raised by Former Husband with regard to the final judgment.

[7] We also find there was competent substantial evidence to support the trial court's finding that Former Husband willfully failed to comply with eight requirements imposed upon him by the final judgment of dissolution, while having the ability to comply, and therefore affirm the trial court's contempt judgment, which is the subject of appeal in consolidated case number 3D22-242. We find no abuse of discretion or fundamental error in the trial court's contempt judgment. See Rojo v. Rojo, 84 So. 3d 1259 (Fla. 3d DCA 2007) (holding "trial court's contempt judgment 'comes to the appellate court clothed with a presumption of correctness' which should not be 'overturned unless a clear showing is made that the trial court either abused its discretion or departed so substantially from the essential requirements of law as to have committed fundamental error'") (internal quotation omitted).

The show cause order, which was formally served upon Former Husband, set forth a total of eight separate violations of the final judgment of dissolution. Even if (as Former Husband contends) certain portions of the contempt citation may have been more accurately characterized as civil rather than criminal, we note the trial court strictly adhered to, and afforded Former Husband the benefit of, the additional due process safeguards required for an indirect criminal contempt proceeding. These included, inter alia: an order to show cause setting forth the essential facts constituting the criminal contempt charged; the right to counsel (Former Husband was represented by counsel at the contempt proceeding); an evidentiary hearing at which Former Husband had the right to compulsory process and to testify in his own defense; and the opportunity to present evidence of mitigating circumstances prior to sentence; and rendition of a judgment reciting the facts constituting the contempt for which Former Husband was found guilty. See generally Fla. R. Crim. P. 3.840. We further note that the final judgment

Affirmed in part, reversed in part, and remanded with directions.

---

of contempt contained a purge provision, with which Former Husband has already complied.  See Contella v. Contella, 557 So. 2d 880, 883 (Fla. 5th DCA 1990) ("Contempt proceedings possess characteristics which in some cases render them more or less difficult of definite classification as being either civil or criminal in their nature. Nevertheless, the usual determinative indicia is whether the order finding contempt and directing confinement contains, or does not contain, a provision that the defendant may, by doing the specified act which is being judicially coerced, purge himself of the contempt and be released from any coercive confinement. A purge provision is essential in a civil contempt order and because it conditions, and permits the defendant to avoid punishment, such a purge provision is the antithesis of a sentence for criminal contempt."). See also Parisi v. Broward Cty., 769 So. 2d 359, 365 (Fla. 2000) ("While there is a broad arsenal of coercive civil contempt sanctions available to the trial court, including incarceration, garnishment of wages, additional employment, the filing of reports, additional fines, the delivery of certain assets, [and] the revocation of a driver's license, to be a valid civil contempt sanction the contempt order must include a purge provision. Without this critical protection, there is a danger that the contempt sanction could be transformed from a civil to a criminal contempt sanction without any other underlying procedural protections attendant to criminal proceedings.") (internal quotation and citation omitted);  See also Lanza v. Lanza, 804 So.2d 408, 409 (Fla. 4th DCA 2001)("The key safeguard in civil contempt proceedings is the ability of the contemnor to purge the contempt. A civil contempt order must contain a specific purge provision that adequately informs the contemnor what he or she must do to purge the contempt.")

While we affirm the contempt judgment, the trial court on remand should consider whether any of the monies ordered to be paid under that judgment and sentence should be recalculated (or, if already paid, a credit given) based upon, and consistent with, our reversal and remand of the final judgment on the award of retroactive child support.