# Third District Court of Appeal

## State of Florida

Opinion filed April 19, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0629
Lower Tribunal No. F22-15805
_____

**Jose A. Martinez,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Coffey Burlington, P.L., Kendall Coffey, Law Offices of Neil G. Taylor, P.A., Neil G. Taylor, Kuehne Davis Law, P.A., and Benedict P. Kuehne, for petitioner.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for respondent.

Before SCALES, LINDSEY, and MILLER, JJ.

MILLER, J.

Petitioner, Jose A. Martinez, seeks a writ of prohibition to prevent the assigned trial judge from further presiding over his case. The allegations advanced in his disqualification motion relate to events that occurred outside the presence of the jury. Incanting the familiar mantras that a judicial admonishment or "the judge's efforts to control her courtroom," Fetzner v. State, 219 So. 3d 834, 838 (Fla. 4th DCA 2017), standing alone, and "[d]isbelief in the witness's testimony, as evidenced by a trial judge's discomforting inquiry, . . . [are] ordinarily no basis for disqualification," Nateman v. Greenbaum, 582 So. 2d 643, 644 (Fla. 3d DCA 1991), we conclude the trial court properly determined the motion was legally insufficient and therefore deny relief. See Correll v. State, 698 So. 2d 522, 524 (Fla. 1997) ("A motion to disqualify will be dismissed as legally insufficient if it fails to establish a well-grounded fear on the part of the movant that he will not receive a fair hearing."); see also Nateman, 582 So. 2d at 644 (denying petition because "[d]isqualifying a judge because his examination of a witness on relevant matters gives a clue as to how he may be inclined to rule at the end of the evidence would wreak administrative havoc in the circuit court by inviting mid-hearing motions for recusal"); Braddy v. State, 111 So. 3d 810, 834 (Fla. 2012) (determining appellant's factual allegations of judge's bias were legally insufficient to require disqualification

when trial judge made comments to defendant in response to defendant's behavior); Fetzner, 219 So. 3d at 838 (Fla. 4th DCA 2017) (finding appellant's allegations of trial judge's behavior did not show prejudice, but rather efforts to control her courtroom and were therefore legally insufficient); Koelemij v. State, 285 So. 3d 376, 382 (Fla. 1st DCA 2019) (affirming trial court's denial of defendant's motion for disqualification as legally insufficient because "the court's reprimand did not give rise to a reasonable belief that the court was biased and that [a]ppellant would not receive a fair trial").

Petition denied.