DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT HINTON AVERY,**
Petitioner,

v.

**DANIELLE BEAUZIL,**
Respondent.

Nos. 4D2026-0406 and 4D2026-0921

[May 27, 2026]

Consolidated petitions for writs of mandamus and certiorari to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Catalina Avalos, Judge; L.T. Case No. 062024DR016304AXXXCE.

Robert Hinton Avery, Pembroke Pines, pro se.

No appearance for respondent.

PER CURIAM.

### *On Order to Show Cause*

In these two consolidated cases, we ordered petitioner Robert Hinton Avery—the husband in the underlying divorce case—to show cause why this Court should not impose the sanction of no longer accepting his pro se filings. Having considered his response, we conclude that sanctions are appropriate.

### *4D2026-0406*

In case number 4D2026-0406, petitioner filed a pro se document titled: "VERIFIED URGENT AND EXPEDITIED [sic] PETITION FOR WRIT OF MANDAMUS AND ALTERNATIVE URGENT WRIT OF PROHIBITION WITH INCORPORATED REQUEST FOR EMERGENCY STAY." The 41-page, single-spaced document was generated using artificial intelligence (AI) and includes a "supplemental memorandum of law." Among other things, the petition sought to compel a ruling on more than 90 pro se motions that petitioner has filed below. The petition also sought a writ of prohibition and asked us to disqualify the trial court or find that the trial court lacks jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).

We initially dismissed the petition for non-payment of the filing fee, but when the filing fee was paid about a month-and-a-half after the petition was filed, we reinstated the petition.

Soon thereafter, petitioner filed a first supplement to the petition, adding 24 more single-spaced pages of AI-generated argument and advising that, a month prior (about a week after the petition was filed), the trial court had ruled on 39 of his motions. Among other things, the supplement raised a frivolous argument that the trial court lacked jurisdiction and that proceedings were automatically stayed because petitioner had filed a motion to disqualify.[1] *See Letterese v. Brody*, 985 So. 2d 597, 598 (Fla. 4th DCA 2008) (explaining that the filing of a motion to disqualify and/or prohibition petition does not deprive the trial court of jurisdiction). According to petitioner, his disqualification motion allegedly excused his failure to appear for hearings in the trial court. The supplement also attempted to argue the merits of the 39 motions.

Petitioner then filed a second-supplemental memorandum adding 19 more single-spaced pages of AI-generated argument. These filings were accompanied by more than 1,000 pages of documents, including many more AI-generated documents and charts.

The petition in this case contains frivolous and misleading arguments. In the underlying case, petitioner filed numerous unauthorized motions to vacate that were directed at nonfinal orders. *Guglielmi v. Guglielmi*, 324 So. 3d 554, 557 (Fla. 1st DCA 2021) (holding that rule 1.540 motions directed at nonfinal orders are unauthorized and not appealable). In those motions, and again in this petition, petitioner contends that orders entered by a prior judge or before a UCCJEA affidavit was filed are void. The petition states that "[o]rders entered by a disqualified judge are voidable and <u>must be vacated upon proper motion</u>. *See Fischer v. Knuck*, 497 So. 2d 240 (Fla. 1986); *MacKenzie v. Super Kids Bargain Store, Inc.*, 565 So. 2d 1332 (Fla. 1990)." (emphasis supplied).

This argument misstates the law, and the cited cases do not support the argument. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(j) (allowing a successor judge to reconsider the rulings of a prior judge). The law does not support petitioner's argument at all.

These types of AI-hallucinated arguments are just as egregious as a citation to non-existent law. *See Clerk of Court & Comptroller for 13th Judicial Circuit, Hillsborough Cnty. v. Rangel*, 427 So. 3d 1069, 1071 (Fla. 2d DCA 2025) (sanctioning counsel for filing a brief that, among other things, "misstated court holdings"). Pro se litigants and attorneys are responsible for their AI-generated filings and may be subject to sanctions for filings that contain fictitious authority or "cite actual cases for inaccurate legal propositions." *Hessert v. Hessert*, 51

---

[1] This Court has seen this AI-hallucinated argument often. Seeing it at all is too often.

Fla. L. Weekly D520 (Fla. 6th DCA March 20, 2026). Pro se litigants are not held to a lesser standard. *Goya v. Hayashida*, 418 So. 3d 652, 655 (Fla. 4th DCA 2025).

The delay in filing a UCCJEA affidavit does not deprive the trial court of jurisdiction or void the orders entered before the affidavit was filed. *Holub v. Holub*, 54 So. 3d 585, 588 (Fla. 1st DCA 2011). When viewed in this case's context, this argument is frivolous. The wife filed a UCCJEA affidavit in her domestic violence case against petitioner in September 2024. In October 2025, petitioner filed an emergency motion in this divorce case to correct the affidavit. He filed a corrected affidavit and alleged that the wife had failed to include his eldest child with another woman in the affidavit. He argued that Florida has jurisdiction over all three of his children. Despite this, petitioner now claims the trial court lacks jurisdiction, and the orders which the trial court had entered before the wife filed an affidavit in this case are void.

Florida clearly has jurisdiction over the two children of this marriage, which is all that is relevant. The trial court's orders are not void. These arguments are frivolous and present no basis for prohibition relief.

Finally, prohibition cannot be used to seek disqualification of a trial judge in the first instance. *Letterese*, 985 So. 2d at 598 (explaining that "a district court errs in entering an order of prohibition without permitting the trial judge to ascertain whether to disqualify him or herself") (citations omitted). Petitioner's request that this Court disqualify the successor trial judge is frivolous. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.330(i) ("[A] successor judge cannot be disqualified based on a successive motion by the same party unless the successor judge rules that he or she is in fact not fair or impartial in the case.").

### *4D2026-0921*

In case number 4D2026-0921, petitioner filed an AI-generated certiorari petition seeking review of a March 2, 2026, order that denied his motion to vacate an April 2, 2025, agreed order referring the parties to a parenting program for petitioner to begin therapeutic supervised timesharing with the parties' two children.

Petitioner, however, has refused to exercise this timesharing. In the March 2026 order, the trial court granted petitioner's motion to stay the April 2025 agreed timesharing order. The court lifted the stay and allowed petitioner to commence timesharing. The court also granted his request for an evidentiary hearing on temporary timesharing and ordered the parties to schedule the hearing with the judicial assistant. The court noted that it had twice tried to conduct hearings, but petitioner failed to appear. The court cautioned him that

3

failure to appear at future hearings may result in sanctions, including striking his pleadings.

The March 2026 nonfinal order denying the motion to vacate is not appealable or subject to certiorari review. *Guglielmi*, 324 So. 3d at 557. The motion to vacate was an untimely and unauthorized request for rehearing from the April 2025 agreed order. The ruling on the motion to vacate did not restart the time for seeking review and is not independently subject to review.

Despite this, petitioner's AI-generated certiorari petition argues 19 alleged errors. Among other frivolous arguments, the petition claims that Virginia court rulings concerning petitioner's eldest child with another woman control as to the two children of this marriage. He also raises a frivolous argument that the trial court in this divorce case could not restrict his contact with the children because an order in his pending criminal case permitted contact.

Despite a prior warning, petitioner filed another frivolous request for emergency treatment with the certiorari petition. *See USAA Cas. Ins. Co. v. Pembroke Pines MRI, Inc.*, 24 So. 3d 588, 589 (Fla. 4th DCA 2009) ("Pleadings filed as emergencies disrupt court procedures and interrupt work on cases that were already pending."). The record shows that petitioner has abused emergency filing procedures in the trial court as well.

### *Order to Show Cause*

We consolidated the two cases for panel purposes and denied the mandamus and prohibition petition in 4D2026-0406, as petitioner showed no basis for discretionary writ relief. *State ex rel. Haft v. Adams*, 238 So. 2d 843, 844 (Fla. 1970) ("[M]andamus is a discretionary writ that is awarded, not as a matter of right, but in the exercise of a sound judicial discretion and upon equitable principles.").

The trial court has ruled on many of the motions, and the delay in ruling on the other motions is not unreasonable. The court directed petitioner to schedule an evidentiary hearing on the timesharing issue, and no equitable basis exists for us to grant discretionary mandamus relief.

We observed that petitioner has abused judicial process through his excessive filing of more than 90 AI-generated motions in the trial court.

We denied petitioner's frivolous certiorari petition and request for emergency treatment in case number 4D2026-0921, explaining that no basis for extraordinary writ relief was shown, and that the AI-generated petition attempted to raise 19 grounds for relief which were not properly before us.

4

We noted that petitioner has previously filed frivolous documents and was cautioned against frivolous filing in 4D2026-0544 for filing a request for emergency treatment that cited a non-existent rule of procedure. He filed the frivolous petitions and emergency request in these cases after the warning. In less than a year, petitioner has initiated eight pro se proceedings in this court. We dismissed three for non-payment of the filing fee, and three others remain pending. The pending cases concern a final domestic violence injunction, and his prosecution for a misdemeanor battery against the wife in a criminal case. He has also appealed from the order denying his request for a restraining order.

The filings and records before us demonstrate petitioner's ongoing abuse of judicial process.

"[A] court may bar a litigant from appearing pro se when the litigant's 'frivolous or excessive filings interfere with timely administration of justice.'" *Gutierrez v. Gutierrez*, 399 So. 3d 1185, 1188 (Fla. 3d DCA 2024) (citations omitted). Accordingly, we ordered petitioner to show cause why we should not impose the sanction of no longer accepting his pro se filings and why he should not be required to retain counsel in his other pending cases in this court.

### *Petitioner's Response*

Petitioner's 45-page AI-generated response to our order to show cause is accompanied by an 863-page appendix that contains more AI-generated arguments and fails to show why sanctions are not warranted.

First, the response makes a frivolous argument that we erred in denying the mandamus and prohibition petition in 4D2026-0406, because petitioner believes we were referring to his prohibition petition in 4D2026-0544, which we dismissed for non-payment of the filing fee. He claims we cannot deny relief in the wrong case number. But our order denied the request for prohibition relief raised in this proceeding. We are aware of his other filings in this court.

Petitioner also contends we cannot consider his trial court filings, and we have impermissibly considered extra-record facts, but his mandamus petition sought a ruling on his 90 pending motions and many of these were provided in his appendices. He brought his filings to our attention, and the gross abuse of process is apparent from the records before us. Petitioner's response acknowledges that he has filed at least 145 motions in the trial court. The trial court's online docket suggests that he has filed many more motions and exhibits since our order to show cause issued. His response to us, and his continued filings, demonstrate that he intends to continue abusing the judicial process.

The response maintains that petitioner is a 100-percent disabled veteran, who suffers from post-traumatic stress disorder, and claims that he has a right to use AI for legal assistance under the Americans with Disabilities Act (ADA) and

5

under the United States Constitution. He argues that requiring him to retain counsel will cost him between $83,000 and $231,000 in attorney's fees, which far exceeds the $20/month which he pays for his AI service. The response repeats arguments that were raised in these frivolous petitions and in his other pending cases. The response also sets out 12 AI-generated questions of great public importance that he would us to certify to the Florida Supreme Court.

These arguments are meritless, and we reject the notion that the ADA grants petitioner a license to abuse judicial process.

### Conclusion

Petitioner's response fails to show any cause why sanctions should not be imposed and, instead, convinces us that sanctions are necessary. A court may bar a litigant from appearing pro se when the litigant's "'frivolous or excessive filings interfere with timely administration of justice.'" *Clark v. Baney*, 355 So. 3d 976, 978 (Fla. 1st DCA 2023) (quoting *Ardis v. Pensacola State Coll.*, 128 So. 3d 260, 264 (Fla. 1st DCA 2013)).

Accordingly, the Clerk of this Court is directed to reject any future filings by petitioner Robert Hinton Avery unless such filings are signed by a member in good standing of the Florida Bar.

By separate order, we will require counsel to file a notice of appearance in petitioner's other pending cases, or these cases will be dismissed. *See, e.g.*, *Pflaum v. Pflaum*, 974 So. 2d 579, 580 (Fla. 1st DCA 2008).

CIKLIN, KLINGENSMITH and LOTT, JJ., concur.

*         *         *

***Not final until disposition of timely-filed motion for rehearing.***

6